UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

STAR NEWS DIGITAL MEDIA, INC.,
MICHAEL PATRICK LEAHY,
and MATTHEW D. KITTLE,

    Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

# VERIFIED COMPLAINT

Plaintiffs allege the following as their verified complaint against Defendant Federal Bureau of Investigation (FBI):

## INTRODUCTION

1. On March 27, 2023, a shooter entered The Covenant School in Nashville and tragically killed three nine-year-old students and three adults—an administrator, a substitute teacher, and a custodian. Law enforcement officers bravely entered the building and killed the shooter, later identified as 28-year-old Audrey Hale. To this day, Hale's motives remain unknown to the public.

2. During a press conference that same day, Metropolitan Nashville Police Chief John Drake did not give a specific motive for the attack, but said "we have a manifesto, we have some writings that we're going over that pertain to this date, the

actual incident." *See* Jonathan Mattise, *Nashville shooter who drew maps, surveilled school*, Associated Press, March 27, 2023, https://archive.ph/RhFoo.

3. Despite law enforcement's identification of the manifesto, it was not released to the public. Two days later, on March 29, The New York Post reported that the manifesto was in possession of the FBI's Behavioral Analysis Unit. *See* Stephanie Pagones, *Nashville shooter Audrey Hale's manifesto to be released after FBI review: official*, The New York Post, March 29, 2023, https://archive.ph/pTrlt.

4. Days went by, and despite repeated promises by public officials that the manifesto would be released, it never was.

5. Plaintiffs—a news organization, its editor-in-chief, and reporter—requested the manifesto from FBI under the Freedom of Information Act (FOIA) on April 20, 2023. FBI denied the request, claiming that releasing the manifesto "could reasonably be expected to interfere with enforcement proceedings." Plaintiffs then appealed to the Department of Justice Office of Information Policy, which affirmed FBI's denial and paved the way for this lawsuit.

6. Hale is dead and no threat remains to the public related to the events of March 27. There is no criminal prosecution, investigation, or anything resembling an "enforcement proceeding." FBI is apparently attempting to interpret the manifesto, but at this point, interpreting or reviewing the manifesto is an academic exercise and certainly not an enforcement proceeding. In short, there is simply no reason why FBI cannot release the manifesto. In fact, in the most recent mass shootings involving FBI, manifestos were released to the press sometimes within hours of the attack.

7. It has been long enough, and the public has an urgent right to know why this tragedy happened, how future events may be prevented, and what policies should be in place to address this and other similar tragedies. FBI has no right to retain a monopoly on this information.

## PARTIES

8. Plaintiff Star News Digital Media, Inc. is a media and news company that owns and operates The Star News Network family of digital newspapers and Star News Radio. The company's headquarters are in Nashville, Tennessee.

9. Plaintiff Michael Patrick Leahy is the CEO, Editor-in-Chief, and majority owner of Star News Digital Media, Inc., which owns and operates a family of state-focused conservative news sites, including The Tennessee Star, The Ohio Star, The Michigan Star, The Minnesota Sun, The Virginia Star, The Georgia Star News, The Arizona Sun Times, The Florida Capital Star, The Wisconsin Daily Star, The Pennsylvania Daily Star, The Connecticut Star, and The Star News Network. He is also the host of The Tennessee Star Report with Michael Patrick Leahy. Leahy is a resident of Thompsons Station, Tennessee.

10. Plaintiff Matthew D. Kittle is an award-winning investigative reporter and 30-year veteran of print, broadcast, and online journalism. Kittle is The Star News Network's National Political Editor. He has written for The Tennessee Star about matters related to the March 27 shooting in Nashville and plans to report on the motivations of the shooting and the FBI's response and delay in releasing the manifesto. Kittle is a resident of West Des Moines, Iowa.

11. Defendant FBI is an agency of the United States within the Department of Justice.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over this complaint under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Plaintiffs seek an injunction to prevent FBI from withholding agency records and to order the production of agency records improperly withheld from Plaintiffs. Plaintiffs have exhausted administrative remedies through an administrative appeal to the Department of Justice Office of Information Policy, which affirmed FBI's denial of Plaintiffs' request.

13. Venue is appropriate in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1). Plaintiff Leahy resides in this district and his principal place of business is in this district. Plaintiff Star News also resides in this district, with its headquarters in Nashville. Plaintiff Kittle is an independent journalist with Star News. Upon information and belief, the original version of the records at issue are situated in this district, as well as copies of those records. A substantial part of the events or omissions giving rise to the claims in this complaint occurred in this district.

**FACTS**

14. On April 20, 2023, Plaintiffs requested a copy of the manifesto from the FBI under FOIA.[1] The request was as follows: "This is a request under the Freedom of Information Act. I am requesting a copy of the following document: Audrey Hale

---

[1] While the original request identified Star News and Kittle as the requesters, a later clarification and the appeal confirm that the request was on behalf of all three Plaintiffs.

Manifesto related to the Nashville Covenant School Shooting on March 27, 2023. The record came into FBI's possession on or about that date. Media reports indicate that the report is in the possession of the FBI, specifically the Behavioral Analysis Unit. The purpose of my request is not for commercial use, but as a member of the news media. I am a reporter employed by Star News Digital Media, Inc. I have been reporting on the events related to the shooting for The Tennessee Star. The Manifesto is alleged to reveal the motivations of Audrey Hale. These motivations are not only relevant to my reporting, but important for public safety and therefore of intense national media interest. The release of these documents could not possibly interfere with any pending law enforcement proceedings, especially since the killer is deceased and the threat to the public has abated. I am willing to pay the fees related to obtaining this document." At that time, Plaintiffs requested expedited processing. A true and accurate copy of this request is attached as **Exhibit 1**.

15. On April 24, 2023, FBI denied the request to expedite, stating that Plaintiffs had "not provided enough information concerning the statutory requirements permitting expedition." A true and accurate copy of this decision is attached as **Exhibit 2.**

16. Later that same day, Plaintiffs sent a clarifying request to FBI. First, the request explained: "I am requesting a copy of the following records: the notes, journal entries, plans, letters, writings, or other documents making up what law enforcement officials have labeled as Audrey Hale's 'manifesto' related to the Nashville Covenant School Shooting on March 27, 2023." For the purposes of this

- 5 -
Case 3:23-cv-00467   Document 1   Filed 05/10/23   Page 5 of 15 PageID #: 5

complaint, Plaintiffs' request for the "manifesto" includes all the items referenced in this clarification letter. Second, Plaintiffs added facts proving that Star News satisfied the criteria to expedite FOIA requests found at 28 C.F.R. § 16.5(e)(1)(ii) & (iv), and also sent a copy of this request to the Department of Justice Office of Public Affairs, as also required by those regulations. A true and accurate copy of this clarifying request is attached as **Exhibit 3**.

17.     On April 25, 2023, FBI denied the request. FBI's response gave the following reason: "5 U.S.C. § 552(b)(7)(A) exempts from disclosure: records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information … could reasonably be expected to interfere with enforcement proceedings." FBI further stated, "The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings. Therefore, your request is being administratively closed." A true and accurate copy of FBI's denial is attached as **Exhibit 4.**

18.     That same day, April 25, Plaintiffs filed an administrative appeal with the Department of Justice Office of Information Policy. In this appeal, Plaintiffs argued that FBI had no basis to withhold the manifesto under 5 U.S.C. § 552(b)(7)(A) because production of the manifesto would not "reasonably be expected to interfere with enforcement proceedings." A true and accurate copy of Plaintiffs' administrative appeal is attached as **Exhibit 5**.

19. On May 5, 2023, the Department of Justice Office of Information Policy denied Plaintiffs' appeal, stating that releasing the manifesto is "reasonably foreseeable" to "harm the interests protected by [5 U.S.C. § 552(b)(7)(A)]." The letter further provided that "FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B)." A true and accurate copy of this decision by the Department of Justice Office of Information Policy is attached as **Exhibit 6**.

20. Despite FBI's claim that release of the manifesto could "interfere with enforcement proceedings," the Metro Nashville Police Department (MNPD), which is also in possession of the manifesto, has not made such a claim. On or about April 27, 2023, MNPD's Public Information Office was quoted by Fox News as saying, "The investigation has advanced to the point that the writings from the Covenant shooter are being reviewed for public release. That process is underway and will take a little while." *See* Michael Ruiz, *Nashville police to release manifesto in Christian school shooting massacre*, Fox News, April 27, 2023, https://archive.ph/o8eDD. In other words, on April 27, MNPD did not claim it could not release the manifesto because it would interfere with an enforcement proceeding. Just the opposite, MNPD said that the manifesto was being prepared for release.

21. Then again, on May 3, MNPD backtracked and said it would not release the manifesto but did not cite any interference with "enforcement proceedings." Instead, MNPD announced on Twitter, "Covenant investigation update: Due to pending litigation filed this week, the Metropolitan Nashville Police Department has been advised by counsel to hold in abeyance the release of records related to the

- 7 -
Case 3:23-cv-00467   Document 1   Filed 05/10/23   Page 7 of 15 PageID #: 7

shooting at The Covenant School pending orders or direction of the court." Twitter, @MNPDNashville, May 3, 2023, https://archive.ph/a0IKk. MNPD was referring to a pending lawsuit filed in state court. *See Hammond v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 23-542-III (Nashville Ch. Ct., May 1, 2023).

22. In addition to FBI's claim of "enforcement proceedings" being contradicted by MNPD, FBI's position contradicts its recent practice in mass shootings where the perpetrator has died.

23. On October 24, 2022, Orlando Harris killed two and injured seven people in St. Louis. FBI investigated the incident with other law enforcement authorities. The very next day, October 25, CNN obtained a copy of and reported on the details of his manifesto. *See* Holly Yan, "St. Louis school shooter had an AR-15-style rifle, 600 rounds of ammo and a note saying 'I don't have any friends. I don't have any family,' police say," CNN.com, Oct. 25, 2022, https://archive.ph/DDdqw.

24. On November 22, 2022, Andre Marcus Bing killed seven people and injured four at a Walmart Supercenter in Chesapeake, Virginia. FBI investigated the incident with other law enforcement authorities. Within three days, the New York Times obtained the killer's manifesto. *See* J. David Goodman, "Walmart Gunman Bought Pistol Hours Before Killing and Left a 'Death Note,'" New York Times, Nov. 25, 2022, https://archive.ph/MmfAx.

25. On February 13, 2023, Anthony Dwayne McRae killed five and injured three on the campus of Michigan State University. FBI and Michigan law enforcement authorities jointly investigated the incident. Approximately three weeks

after the shooting, the Detroit News received a two-page handwritten manifesto describing his motives through a FOIA request. *See* Kim Kozlowski, "Note written by MSU shooter asked 'why,' outlined other targets," The Detroit News, March 10, 2023, https://archive.ph/0bMd6.

26. FBI itself is proud of its history of releasing manifestos. In 1995, FBI famously released Ted Kaczynski's manifesto to The Washington Post, The New York Times, and Penthouse magazine. FBI brags about this history on its website. *See* FBI, Unabomber Bomb Shrapnel, https://www.fbi.gov/history/artifacts/unabomber-bomb-shrapnel.

27. One could speculate as to why FBI has released so many other manifestos, but not this one. But such speculation is unnecessary for the purposes of this lawsuit. The simple fact is that FBI has not justified its refusal to release this manifesto under FOIA; there is no reasonable chance release would interfere with an "enforcement proceeding" under FOIA's exception.

## CAUSE OF ACTION: VIOLATION OF 5 U.S.C. § 552

28. Plaintiffs reallege and incorporate here all the preceding allegations.

29. "Public records by their very nature are of interest to those concerned with the administration of government, and a public benefit is performed by the reporting of the true contents of the records by the media. The freedom of the press to publish that information appears to us to be of critical importance to our type of government in which the citizenry is the final judge of the proper conduct of public business." *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 495 (1975).

30. FOIA requires federal agencies to provide access to all "records promptly available to any person," subject to certain exceptions. 5 U.S.C. § 552(a)(3)(A).

31. "The burden of proof is on the agency to sustain its action" in response to a FOIA request. 5 U.S.C. § 552(a)(4)(B).

32. FOIA authorizes a court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

33. FOIA "represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003). Under FOIA, federal agencies must release records to the public upon request, unless one of nine statutory exemptions apply. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975); 5 U.S.C. § 552(b). To prevail in a FOIA case, a plaintiff must show that an agency has improperly withheld agency records. *See Odland v. FERC*, 34 F.Supp.3d 1, 13 (D.D.C. 2014). The defending agency must demonstrate that its search for responsive records was adequate, that any invoked exemptions actually apply, and that any reasonably segregable non-exempt information has been disclosed after redaction of exempt information. *See id.*

34. Plaintiffs properly requested records that are within FBI's custody and control.

35. FBI is an agency subject to FOIA, and therefore must release in response to a FOIA request any non-exempt records and provide a valid and lawful reason for withholding any materials.

36. FBI improperly denied Plaintiffs' request, citing 5 U.S.C. § 552(7)(A). This exception provides that law enforcement records may be withheld if they "could reasonably be expected to interfere with enforcement proceedings."

37. "It is well recognized that, pursuant to this exemption, an agency may withhold documents stemming from an ongoing criminal investigation if disclosure would harm or interfere with a subsequent enforcement proceeding." *Manna v. USDOJ,* 815 F. Supp. 798, 805 (D.N.J. 1993), *aff'd,* 51 F.3d 1158 (3d Cir. 1995). The purpose of Exemption 7(A) is to protect FBI from being "hindered in their investigations or placed at a disadvantage when it came time to present their case." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 224 (1978). Foremost among the purposes of this exemption was to prevent "harm [to] the Government's case in court." *Id.* This exemption does not "endlessly protect material simply because it was in an investigatory file." *Id.* at 230.

38. None of these factors apply here. Under the language of the statute, there are no "enforcement proceedings" contemplated. The shooter is dead. No crime is being investigated that would lead to a criminal prosecution. Therefore, disclosure would not "harm the Government's case in court." *Id.* at 224. But even if one interpreted "enforcement proceedings" to include FBI's evaluation of a manifesto after the death of the assailant, it is hard to understand how allowing the public to

see the manifesto would "interfere" with that investigation. Whatever "interference" exists must be supported by the FBI with evidence. FBI has identified no legitimate reason why the public should be prohibited from seeing the manifesto. And FBI's own recent history, as well as public statements by MNPD, demonstrate why there is no legitimate basis to withhold a manifesto from a deceased assailant.

39. Plaintiffs exhausted administrative remedies by appealing FBI's decision to the Department of Justice Office of Information Policy, which was denied on May 5, 2023.

40. Accordingly, Plaintiffs are entitled to injunctive and declaratory relief, including an order from this Court to enjoin FBI from withholding the manifesto and to order its production.

## REQUEST FOR RELIEF

Plaintiffs therefore requests the following relief:

A. An order enjoining FBI from withholding the manifesto and ordering its production, including a preliminary and permanent injunction;

B. A declaration that FBI violated FOIA by denying Plaintiffs' requests for the manifesto;

C. An order retaining jurisdiction to ensure that FBI's release of the manifesto to Plaintiffs does not improperly withhold portions and FBI otherwise complies with FOIA in this matter;

D. An award to Plaintiffs of costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or as otherwise provided by law considering the FBI's

lack of good faith in refusing to comply with the statutory requirements and thereby requiring Plaintiffs to expend resources in this matter, and

      E.    Any and all other additional relief that the Court deems just, equitable, and proper.

Dated: May 9, 2023

WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.

s/ *Daniel P. Lennington*
Richard M. Esenberg (*pro hac vice forthcoming*)
Lucas T. Vebber (*pro hac vice forthcoming*)
Daniel P. Lennington (*pro hac vice forthcoming*)
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Facsimile: (414) 727-6385
Rick@will-law.org
Lucas@will-law.org
Dan@will-law.org

MCCLANAHAN & WINSTON, PC

*/s/ Matthew J. McClanahan*
Matthew J. McClanahan (BPR #036867)
PO Box 51907
Knoxville, Tennessee 37950
Telephone: (865) 347-3921
Fax: (865) 444-0786
Email: matt@tennadvocate.com

*Attorneys for Plaintiffs*

## VERIFICATION

1. I am a plaintiff in this case.

2. I have personal knowledge of myself, my activities, my intentions, and those of Star News Digital Media, Inc., including those set out in the foregoing Verified Complaint. If called upon to testify, I would competently testify as to the matters relevant to me, my claims, and those of Star News Digital Media, Inc.

3. I verify under the penalty of perjury under the laws of the United States that the factual statements in this Verified Complaint concerning myself, my activities, my intentions, my claims, and those of Star News Digital Media, Inc., are true and correct.

Dated: May 8, 2023

Signature: *Michael Patrick Leahy*

Printed Name: Michael Patrick Leahy

## VERIFICATION

1. I am a plaintiff in this case.

2. I have personal knowledge of myself, my activities, my intentions, and those of Star News Digital Media, Inc., including those set out in the foregoing Verified Complaint. If called upon to testify, I would competently testify as to the matters relevant to me, my claims, and those of Star News Digital Media, Inc.

3. I verify under the penalty of perjury under the laws of the United States that the factual statements in this Verified Complaint concerning myself, my activities, my intentions, my claims, and those of Star News Digital Media, Inc., are true and correct.

Dated: 5/6/23     Signature: *Matthew D. Kittle*

Printed Name: Matthew D. Kittle