UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STAR NEWS DIGITAL MEDIA, INC.,
MICHAEL PATRICK LEAHY, and
MATTHEW D. KITTLE,

        *Plaintiffs,*

        v.

FEDERAL BUREAU OF
INVESTIGATION,

        *Defendant.*

Civil Action No. 3:23-cv-00467-AAT

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, the Federal Bureau of Investigation ("Defendant" or "FBI"), hereby answers

the numbered paragraphs of the Complaint of Star News Digital Media, Inc. ("Star News"),

Michael Patrick Leahy, and Matthew D. Kittle (together, "Plaintiffs") ECF No. 1, in the above-

captioned action, as follows:

1.      This paragraph does not set forth a claim for relief or aver facts in support of a

claim to which an answer is required.

2.      Admits.

3.      Admits.

4.      Defendant admits that "the manifesto" has not been released to the public.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in this paragraph.

5.      Defendant admits that it received a FOIA request from Plaintiffs Star News and

Kittle dated April 20, 2023, and respectfully refers the Court to that request for a full and

accurate statement of its contents.  Defendant admits that it denied the request, and respectfully

refers the Court to its response to Plaintiffs Star News and Kittle's request dated April 20, 2023,

for a full and accurate statement of its contents.  Defendant admits that Plaintiffs filed an

administrative appeal with the Department of Justice Office of Information Policy, and

respectfully refers the Court to that administrative appeal for a full and accurate statement of its

contents.  Defendant admits that the Department of Justice Office of Information Policy denied

Plaintiffs' appeal, and respectfully refers the Court to the Department of Justice Office of

Information Policy's response to Plaintiff for a full and accurate statement of its contents.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in this paragraph.

6.      Defendant admits that Audrey Hale is dead, but otherwise denies the allegations

in this paragraph.

7.      Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations in the first sentence of this paragraph.  The allegations in the second

sentence of this paragraph consist of legal conclusions, to which no response is required.

8.      Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations in this paragraph.

9.      Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations in this paragraph.

10.     Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations in this paragraph.

11.     Admits.

12.     The allegations in first and third sentences of this paragraph consist of legal

conclusions, to which no response is required.  The second sentence is a characterization of this

lawsuit, to which no response is required.

13.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second, third, and fourth sentences of this paragraph.

14.     Defendant admits that it received a FOIA request from Plaintiffs Star News and Kittle dated April 20, 2023.  Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

15.     Defendant admits that it denied the request of Plaintiffs Star News and Kittle to expedite.  Defendant respectfully refers the Court to its response to Plaintiffs Star News and Kittle for a full and accurate statement of its contents.

16.     Defendant admits that it received a "clarifying request" from Plaintiffs dated April 24, 2023.  Defendant respectfully refers the Court to that clarifying request for a full and accurate statement of its contents.  The third sentence of this paragraph constitutes a characterization of this lawsuit, to which no response is required.  The fourth sentence contains legal conclusions regarding the criteria to expedite, to which no response is required.  Defendant admits the allegation in the fourth sentence that a copy of the "clarifying request" was sent to the Department of Justice Office of Public Affairs.

17.     Defendant admits that it denied Plaintiffs' request.  Defendant respectfully refers the Court to its response to Plaintiffs for a full and accurate statement of its contents.

18.     Defendant admits that Plaintiffs filed an administrative appeal with the Department of Justice Office of Information Policy dated April 25, 2023.  Defendant respectfully refers the Court to that administrative appeal for a full and accurate statement of its contents.

19.     Defendant admits that the Department of Justice Office of Information Policy denied Plaintiffs' appeal.  Defendant respectfully refers the Court to the Department of Justice

3

Office of Information Policy's response to Plaintiffs for a full and accurate statement of its contents.

20.    Denies.

21.    Denies.

22.    Denies.

23.    This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

24.    This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

25.    This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

26.    This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

27.    Denies.

28.    Defendant re-alleges its responses to paragraphs 1-27 of the Complaint.

29.    The allegations in this paragraph consist of legal conclusions, to which no response is required.

30.    The allegations in this paragraph consist of legal conclusions, to which no response is required.

31.    The allegations in this paragraph consist of legal conclusions, to which no response is required.

32.    The allegations in this paragraph consist of legal conclusions, to which no response is required.

33.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

34.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

35.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

36.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

37.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

38.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

39.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

40.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

The remaining allegations in the Complaint constitute a prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies all allegations in Plaintiffs' Complaint not expressly admitted or denied.

## DEFENSES

1.     Plaintiffs are not entitled to information that is exempt from disclosure by one or more exemptions enumerated in the FOIA.


Dated: June 26, 2023                                          Respectfully submitted,


                                                             BRIAN M. BOYNTON
                                                             Principal Deputy Assistant Attorney General

                                                             MARCIA BERMAN
                                                             Assistant Branch Director

                                                             */s/ Alexander W. Resar*
                                                             ALEXANDER W. RESAR
                                                             New York Bar #: 5636337
                                                             Trial Attorney, U.S. Department of Justice
                                                             Civil Division, Federal Programs Branch
                                                             1100 L Street, N.W.
                                                             Washington, D.C. 20005
                                                             Tel.: (202) 616-8188
                                                             alexander.w.resar@usdoj.gov

                                                             HENRY C. LEVENTIS
                                                             United States Attorney
                                                             Middle District of Tennessee

                                                             ANICA C. JONES, B.P.R. # 025325
                                                             Assistant United States Attorney
                                                             United States Attorney's Office
                                                             719 Church Street, Suite 3300
                                                             Nashville, TN 37203
                                                             Telephone: (615) 736-5151
                                                             Email: anica.jones@usdoj.gov

                                                             *Counsel for Defendant*


6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy was sent by United States First Class Mail, postage prepaid, to the following:

| | |
|---|---|
| Daniel P. Lennington<br>Lucas T. Vebber<br>Richard M. Esenberg<br>Wisconsin Institute for Law & Liberty, Inc.<br>330 East Kilbourn Avenue, Suite 725<br>Milwaukee, WI 53202<br>Email: dan@will-law.org<br>Email: lucas@will-law.org<br>Email: rick@will-law.org | Matthew J. McClanahan<br>McClanahan & Winston PC<br>P.O. Box 51907<br>Knoxville, TN 37950<br>Email: matt@tennadvocate.com |

/s/ Alexander W. Resar
ALEXANDER W. RESAR
Trial Attorney, U.S. Department of Justice