UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STAR NEWS DIGITAL MEDIA, INC. ET AL,

    Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION

    Defendant.

Case No.: 3:23-cv-467
Judge Aleta A. Traugher

# **Exhibit A**

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2023-04-20T17:01:38.735754+00:00 Status: pending Message:

## Organization Representative Information

| | |
|---:|---|
| **Organization Name** | The Tennessee Star/Star News Network |
| **Prefix** | |
| **First Name** | Matt |
| **Middle Name** | D. |
| **Last Name** | Kittle |
| **Suffix** | |
| **Email** | mkittle@thestarnewsnetwork.com |
| **Phone** | |
| **Location** | United States |

## Domestic Address

| | |
|---:|---|
| **Address Line 1** | Star News Digital Media, Inc. 95 White Bridge Road |
| **Address Line 2** | |
| **City** | Nashville |
| **State** | Tennessee |
| **Postal** | 37205 |

## Agreement to Pay

**How you will pay**

> I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below.

**Allow up to $**

> 150

## Proof Of Affiliation for Fee Waiver

**Waiver Explanation**

> I am a member of the news media reporting on a matter of utmost importance to my readers and the general public.

**Documentation Files**

## Non-Individual FOIA Request

**Request Information**

> Dear FOIA Officer:
>
> This is a request under the Freedom of Information Act.
> I am requesting a copy of the following document: Audrey Hale's Manifesto related to the Nashville Covenant School Shooting on March 27, 2023. The record came into FBI's possession on or about that date. Media reports indicate that the report is in the possession of the FBI, specifically the Behavioral Analysis Unit.
>
> The purpose of my request is not for commercial use, but as a member of the news media. I am a reporter employed by Star News Digital Media, Inc. I have been reporting on the events related to the shooting for The Tennessee Star. The Manifesto is alleged to reveal the motivations of Audrey Hale. These motivations are not only relevant to my reporting, but important for public safety and therefore of intense national media interest. The release of these documents could not possibly interfere with any pending law enforcement proceedings, especially since the killer is deceased and the threat to the public has abated.
>
> I am willing to pay the fees related to obtaining this document.
>
> M.D. Kittle
> National Political Editor
> Star News Network
> C - 608-445-0970
> mkittle@thestarnewsnetwork.com

## Expedite

**Expedite Reason**

```
This is a matter of utmost important to our readers and the general public.
It has been several weeks since the documents requested came into the
possession of the FBI, raising questions and speculation in the public mind.
```

\*\*

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

\*\*

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STAR NEWS DIGITAL MEDIA, INC. ET AL,

      Plaintiff,

           v.

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

Case No.: 3:23-cv-467
Judge Aleta A. Traugher

# Exhibit B



**U.S. Department of Justice**


**Federal Bureau of Investigation**

*Washington, D.C. 20535*

April 24, 2023

MR. MATT D. KITTLE
THE TENNESSEE STAR/STAR NEWS NETWORK
STAR NEWS DIGITAL MEDIA INCORPORATED
95 WHITE BRIDGE ROAD
NASHVILLE , TN 37205

FOIPA Request No.: 1590230-000
Subject: The Nashville Covenant School Shooting
(Audrey Hale's Manifesto)

Dear Mr. Kittle:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information/Privacy Acts (FOIPA) request.   Under Department of Justice (DOJ) standards for expedited processing, it can only be granted in the following situations:

**28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

**28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

**28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

**28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence."

You have not provided enough information concerning the statutory requirements permitting expedition; therefore, your request is denied.

Additional information about the FOIPA can be found at www.fbi.gov/foia.   Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov.   Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Joseph E. Bender, Jr.
Acting Section Chief
Record/Information Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STAR NEWS DIGITAL MEDIA, INC. ET AL,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Case No.: 3:23-cv-467
Judge Aleta A. Traugher

# Exhibit C

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2023-04-25T03:59:10.114177+00:00 Status: pending Message:

# Individual Information

| | |
|---|---|
| **Prefix** | |
| **First Name** | Matthew |
| **Middle Name** | David |
| **Last Name** | Kittle |
| **Suffix** | |
| **Email** | mkittle@thestarnewsnetwork.com |
| **Phone** | |
| **Location** | United States |

# Domestic Address

| | |
|---|---|
| **Address Line 1** | 95 White Bridge Road, Ste 207 |
| **Address Line 2** | |
| **City** | Nashville |
| **State** | Tennessee |
| **Postal** | 37205 |

# Agreement to Pay

| How you will pay | I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below. |

| Allow up to $ | 150 |

## Proof Of Affiliation for Fee Waiver

| Waiver Explanation | The purpose of my request is not for commercial use, but for use in reporting on news events of urgent interest to the public. |

| Documentation Files | |

## Non-Individual FOIA Request

**Request Information**

This is an updated request following rejection of my original expedited FOIA request, sent Thursday, April 20.

This is a request under the Freedom of Information Act. I am requesting a copy of the following records: the notes, journal entries, plans, letters, writings, or other documents making up what law enforcement officials have labeled as Audrey Hale's "manifesto" related to the Nashville Covenant School Shooting on March 27, 2023. During a press conference on that same day, Metropolitan Nashville Police Chief John Drake labeled these documents as a "manifesto," stating "we have a manifesto." On or about that same day, Nashville Police provided the FBI a copy of those documents for review, including review by the Behavioral Analysis Unit. For the purposes of this request, I will refer to this document or these groups of documents as the "manifesto."

The purpose of my request is not for commercial use, but for use in reporting on news events. Star News Digital Medial, Inc. owns and operates The Star News Network, a family of news websites, including The Tennessee Star. Michael Patrick Leahy is CEO, Editor-in-Chief and reporter. Matt Kittle is the National Political Director and also a reporter.

We are requesting expedited processing under two criteria.

First, we are requesting expedited processing under 28 CFR 16.5(e)(1)(ii). Under this criteria, there is "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." Here, the federal government activity is FBI's response to the Nashville Covenant Shooting. The public has an urgent right to know about the FBI's response to the incident, the FBI's handling of the manifesto, and the motivation of the shooter herself. We are "primarily engaged in disseminating information" as full-time reporters. Star News has reported on matters related to the Nashville Covenant School Shooting and plans to do so in the future.

Second, we are requesting expedited processing under 28 CFR 16.5(e)(1)(iv). Under this criteria, this is a "matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence." There is no doubt that this shooting is of "widespread and exceptional medial interest." National media outlets have covered this incident for weeks. Moreover, as reporters, we have a duty to report on the FBI's integrity. We plan to report on the FBI's delay in releasing this manifesto when, in many other recent circumstances, similar manifestos have been released.

For these two independently sufficient reasons, therefore, we request expedited processing of our request. We will pay fees associated with the release of these records, including reasonable copying costs.

Sincerely,
Michael Patrick Leahy
Matt Kittle
Star News Digital Media, Inc.
95 White Bridge Road, Ste 207,
Nashville, TN 37205

# Expedite

| Expedite Reason | As a news outlet, we are reporting on a matter of urgent public interest. The immediate release of the information requested is necessary to the public's understanding of a troubling incident and for our overall coverage of federal law enforcement's conduct. |
|---|---|

\*\*

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

\*\*

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

On February 13, 2023, for example, Anthony Dwayne McRae killed five and injured three on the campus of Michigan State University. FBI and Michigan law enforcement authorities jointly investigated the incident. Approximately three weeks after the shooting, the Detroit News received a two-page handwritten manifesto describing his motives through a FOIA request. See Kim Kozlowski, Note written by MSU shooter asked 'why,' outlined other targets, The Detroit News, March 10, 2023, https://archive.ph/0bMd6. The FBI itself is proud of its history of releasing manifestos. In 1995, the FBI famously released Ted Kaczynski's manifesto to The Washington Post, The New York Times, and Penthouse magazine. The FBI brags about this history on its website. See FBI, Unabomber Bomb Shrapnel, https://www.fbi.gov/history/artifacts/unabomber-bomb-shrapnel. We can only report on the FBI's motivations for delaying the release of the manifesto until we see the manifesto and learn about Audrey Hale's motivations. The FBI's delay to date seriously undermines the agency's integrity, and this impacts public confidence. Several articles have already been written questioning the FBI's integrity in its failure to release the manifesto, and public confidence has already been undermined. We want to write about this and cannot have a complete picture of the story until we see the manifesto.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STAR NEWS DIGITAL MEDIA, INC. ET AL,,

    Plaintiff,

        v.

FEDERAL BUREAU OF INVESTIGATION,,

    Defendant.

Case No.: 3:23-cv-467
Judge Aleta A. Traugher

# Exhibit D



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

April 25, 2023

MR. MATT D. KITTLE
THE TENNESSEE STAR/STAR NEWS NETWORK
STAR NEWS DIGITAL MEDIA INCORPORATED
95 WHITE BRIDGE ROAD
NASHVILLE , TN 37205

FOIPA Request No.: 1590230-000
Subject: The Nashville Covenant School Shooting
(Audrey Hale's Manifesto)

Dear Mr. Kittle:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI has completed its search for records subject to the FOIPA that are responsive to your request. The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).  5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only
> to the extent that the production of such law enforcement records or
> information ... could reasonably be expected to interfere with
> enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings.   Therefore, your request is being administratively closed.   For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia.   Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov.   Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Joseph E. Bender, Jr.
Acting Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)  **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)  **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)  **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)  **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)  **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgement of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)  **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

   a.  *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
   b.  *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)  **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)  **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)  **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STAR NEWS DIGITAL MEDIA, INC. ET AL,

      Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

Case No.: 3:23-cv-467
Judge Aleta A. Traugher

# Exhibit E

👤 My Account    👥 Change Role    🔒 Sign Out    ❓ Help

HOME        TRACKING INBOX        SEARCH

Tracking Inbox  »  Appeal

## A-2023-01147
**Requester:** Kittle, Matt

Status: Submitted    Last Event: Appeal Submitted    Last Event Date: 04/25/2023    Attorney:

| Appeal | Document | Event | Note |

### Appeal Information

| | | | |
|---|---|---|---|
| Received Date | 04/25/2023 📅 (mm/dd/yyyy) ® | Agency | OIP |
| Due Date | 05/23/2023 | Document Delivery Method | Email |
| Receipt Method | Electronic | Topic | |
| Appeal Is In Litigation | No | Assigned Attorney | |
| Unusual Circumstances | | | |
| Track | | | |
| Significant | ○ Yes ● No | | |
| Coordination | ○ Yes ● No | | |

### Request Information

| | |
|---|---|
| Request Number | 1590230-000 |
| Component | FBI  ® |
| Component Email | fbi.foipa.appeal@fbi.gov |
| Subject of Request | The notes, journal entries, plans, letters, writings, or other documents making up what law enforcement officials have labeled as Audrey Hale's 'manifesto' related to the Nashville Covenant School Shooting on March 27, 2023. |

### Basis for Appeal

| Description of Appeal | |
|---|---|

Freedom of Information Act Appeal

Star News Digital Media, Inc., Michael Patrick Leahy, and Matt Kittle (collectively "Star News") hereby appeal the Federal Bureau of Investigation's (FBI) denial of its expedited public-records request dated April 20, 2023, as clarified on April 24, 2023 (FOIPA Request No.: 1590230-000). FBI denied this expedited request on April 25, 2023.

Star News requests expedited processing of this appeal for all the reasons stated in the April 24, 2023, clarification request.

BACKGROUND

1.    On March 27, 2023, a former student shot through the doors of The Covenant School in Nashville and tragically killed three nine-year-old students and three adults--an administrator, a substitute teacher, and a custodian. According to news reports, the shooter

| | |
|---|---|
| Based on Denial of Fee Waiver | ○ Yes  ● No |
| Based on Denial of Expedited Processing | ○ Yes  ● No |
| Requester Item Type 1 | Supplemental Information |
| Requester Items 1 | 📎 FOIA 1 Request 1 4 20 23.pdf  [ Replace \| Remove ] |
| Requester Item Type 2 | Supplemental Information |
| Requester Items 2 | 📎 FOIA 2 March 24 2023.pdf  [ Replace \| Remove ] |
| Requester Item Type 3 | Supplemental Information |
| Requester Items 3 | 📎 FOIA March 25 denial.pdf  [ Replace \| Remove ] |

## Requester Contact Information

🔍 Search Requester

| | | | |
|---|---|---|---|
| Salutation | | Address Type | Work |
| First Name | Matt 🔴 | Country | United States |
| Middle Name | | Address Line 1 | 95 White Bridge Road |
| Last Name | Kittle 🔴 | Address Line 2 | |
| Email Address | mkittle@thestarnewsnetwork.com 🔴 | City | Nashville |
| Organization | Star News Digital Media, Inc. | State | Tennessee |
| Register Number | | Zip/Postal Code | 37205 |
| Phone Number | 608-445-0970 | | |
| Fax Number | | | |
| Other Information | | | |

## Expedited Processing Information

| | | | |
|---|---|---|---|
| Expedited Processing Requested? | Yes | Expedited Justification | |
| Expedited Processing Request Date | 📅 (mm/dd/yyyy) | | |
| Expedited Processing Determination | | | |

Matt Kittle and Star News request processing under two criteria. The position as follows on March 24, 2

First, we are requesting expedited 28 CFR 16.5(e)(1)(ii). Under this c urgency to inform the public about alleged federal government activity person primarily engaged in disser information." Here, the federal gov FBI's response to the Nashville C The public has an urgent right to k FBI's response to the incident, the the manifesto, and the motivation herself. The only evidence of the n Nashville Covenant School Shootin the manifesto. The public has a rig urgent right to know, why this shoo the public knows the shooter's mot may take steps to keep itself safe future shootings. And the public a

Standards for Expedition:

☐ 1. Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual.

☑ 2. An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information.

☐ 3. The loss of substantial due process rights.

☑ 4. A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.

**Form Record Audit**

Save     Delete

| | |
|---|---|
| **From:** | Jones, Priscilla A (OIP) <Priscilla.A.Jones@usdoj.gov> |
| **Sent:** | Wednesday, April 26, 2023 1:00 AM |
| **To:** | FBI.FOIPA.APPEAL |
| **Subject:** | [EXTERNAL EMAIL] - FOIA appeal |
| **Attachments:** | a-23-01147.pdf; kittle 1590230-000 FOIA March 25 denial.pdf; kittle 1590230-000 FOIA 2 March 24 2023.pdf; kittle 1590230-000 FOIA 1 Request 1 4 20 23.pdf; kittle 1590230-000 type 1 and 2.pdf |

Freedom of Information Act Appeal

Star News Digital Media, Inc., Michael Patrick Leahy, and Matt Kittle (collectively "Star News") hereby appeal the Federal Bureau of Investigation's (FBI) denial of its expedited public-records request dated April 20, 2023, as clarified on April 24, 2023 (FOIPA Request No.: 1590230-000). FBI denied this expedited request on April 25, 2023.

Star News requests expedited processing of this appeal for all the reasons stated in the April 24, 2023, clarification request.

BACKGROUND

1.      On March 27, 2023, a former student shot through the doors of The Covenant School in Nashville and tragically killed three nine-year-old students and three adults--an administrator, a substitute teacher, and a custodian. According to news reports, the shooter elaborately planned the massacre with surveillance and a detailed map.

2.      Yet the killer's motives remain unknown to the public. Law enforcement officers bravely entered the building and immediately confronted the shooter. Later identified as Audrey Hale, the 28-year-old female shooter was shot and killed by responding officers.

3.      During a press conference that same day, Metropolitan Nashville Police Chief John Drake did not give a specific motive for the attack, but said "we have a manifesto, we have some writings that we're going over that pertain to this date, the actual incident." See Jonathan Mattise, "Nashville shooter who drew maps, surveilled school," Associated Press, March 27, 2023, https://archive.ph/RhFoo. (For purposes of this appeal, the term "manifesto" will refer to journal entries, notes, plans, or other writings explaining Audrey Hale's motivations for the March 27 attack.)

4.      Despite law enforcement's identification of the manifesto, it was not released to the public. Two days later, on March 29, The New York Post reported that the manifesto was in possession of the FBI's Behavioral Analysis Unit.

5.     Days went by, and despite repeated promises by public officials that the manifesto would be released, it never was. The shooter is dead and no threat remains to the public related to the events of March 27. There is no criminal prosecution, investigation, or other legal proceeding. FBI is apparently attempting to interpret the manifesto, but at this point, interpreting or reviewing the manifesto is an academic exercise. In short, there is simply no reason why FBI cannot release the manifesto. In fact, in the most recent mass shootings involving FBI, manifestos were released to the press sometimes within hours of the attack. It has been long enough, and the public has an urgent right to know why this tragedy happened, how future events may be prevented, and what policies should be in place to address this and other similar tragedies. The FBI has no right to retain a monopoly on this information.

RECORDS REQUEST

6.     Star News Digital Media, Inc. is a media and news company that owns and operates The Star News Network family of digital newspapers and Star News Radio. The company's headquarters are in Nashville, Tennessee.

7.     Michael Patrick Leahy is the CEO, Editor-in-Chief, and majority owner of Star News Digital Media, Inc., which owns and operates a family of state-focused conservative news sites, including The Tennessee Star, The Ohio Star, The Michigan Star, The Minnesota Sun, The Virginia Star, The Georgia Star News, The Arizona Sun Times, The Florida Capital Star, The Wisconsin Daily Star, The Pennsylvania Daily Star, The Connecticut Star, and The Star News Network. He is also the host of The Tennessee Star Report with Michael Patrick Leahy.

8.     Matt Kittle is an award-winning investigative reporter and 30-year veteran of print, broadcast, and online journalism. Kittle is The Star News Network's National Political Editor and a reporter. He has written for The Tennessee Star about matters related to the March 27 shooting in Nashville and plans to report on the motivations of the shooting and the FBI's response and delay in releasing the manifesto.

9.     On April 20, 2023, Star News requested a copy of the manifesto from the FBI. The request read as follows: "This is a request under the Freedom of Information Act. I am requesting a copy of the following document: Audrey Hale Manifesto related to the Nashville Covenant School Shooting on March 27, 2023. The record came into FBI's possession on or about that date. Media reports indicate that the report is in the possession of the FBI, specifically the Behavioral Analysis Unit. The purpose of my request is not for commercial use, but as a member of the news media. I am a reporter employed by Star News Digital Media, Inc. I have been reporting on the events related to the shooting for The Tennessee Star. The Manifesto is alleged to reveal the motivations of Audrey Hale. These motivations are not only relevant to my reporting, but important for public safety and therefore of intense national media interest. The release of these documents could not possibly interfere with any pending law enforcement proceedings, especially since the killer is deceased and the threat to the public has abated. I am willing to pay the fees related to obtaining this document."  At this time, Star News also asked for expedited processing.

10.    On April 24, 2023, FBI denied the request to expedite, stating that Star News had "not provided enough information concerning the statutory requirements permitting expedition."

11.    On that same day, Star News clarified its request in two ways. First, Star News re-stated its request as follows: "I am requesting a copy of the following records: the notes, journal entries, plans, letters, writings, or other documents making up what law enforcement officials have labeled as Audrey Hale's 'manifesto' related to the Nashville Covenant School Shooting on March 27, 2023. During a press conference on that same day, Metropolitan Nashville Police Chief John Drake labeled these documents as a 'manifesto,' stating 'we have a manifesto.' On or about that same day, Nashville Police provided the FBI a copy of those documents for review, including review by the Behavioral Analysis Unit." Second, Star News added facts proving that Star News satisfied the criteria to expedite FOIA requests found at 28 C.F.R. 16.5(e)(1)(ii) & (iv). Star News also sent a copy of this request to the Office of Public Affairs, as required by those regulations.

12.    On April 25, 2023, FBI denied the request. FBI's response gave the following reason: "5 U.S.C. § 522(b)(7)(A) exempts from disclosure: records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings." FBI further stated, "The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings. Therefore, your request is being administratively closed."

13.    FBI has never explained what "law enforcement proceeding" could possibly exist and how releasing the manifesto would "interfere" with such a proceeding.

14.    Star News also requested a copy of the manifesto from the Nashville Police Department under Tennessee law, but that request was denied on March 24, 2023.

LEGAL BASIS OF APPEAL

15.    Star News appeals FBI's denial under 5 U.S.C. § 552(a)(6)(A)(ii) and 28 C.F.R. 16.8.

16.    "Public records by their very nature are of interest to those concerned with the administration of government, and a public benefit is performed by the reporting of the true contents of the records by the media. The freedom of the press to publish that information appears to us to be of critical importance to our type of government in which the citizenry is the final judge of the proper conduct of public business." Cox Broad. Corp. v. Cohn, 420 U.S. 469, 495 (1975).

17.    The Freedom of Information Act (FOIA) requires federal agencies to provide access to all "records promptly available to any person," subject to certain exceptions. 5 U.S.C. § 552(a)(3)(A).

18.    FOIA "represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice, 331 F.3d 918, 925 (D.C. Cir. 2003). Under FOIA, federal agencies must release records to the public upon request, unless one of nine statutory exemptions apply. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 136 (1975); 5 U.S.C. § 552(b). To prevail in a FOIA case, a plaintiff must show that an agency has improperly withheld agency records. See Odland v. FERC, 34 F.Supp.3d 1, 13 (D.D.C. 2014). The defending agency must demonstrate that its search for responsive records was adequate, that any invoked exemptions actually apply, and that any reasonably segregable non-exempt information has been disclosed after redaction of exempt information. See id.

19.    In this case, FBI invokes a single exception: 5 U.S.C. § 522(b)(7)(A).  This exception provides that law enforcement records may be withheld if they "could reasonably be expected to interfere with enforcement proceedings."

20.    "It is well recognized that, pursuant to this exemption, an agency may withhold documents stemming from an ongoing criminal investigation if disclosure would harm or interfere with a subsequent enforcement proceeding." Manna v. U.S. Dep't of Just., 815 F. Supp. 798, 805 (D.N.J. 1993), aff'd, 51 F.3d 1158 (3d Cir. 1995). The purpose of Exemption 7(A) is to protect FBI from being "hindered in their investigations or placed at a disadvantage when it came time to present their case." N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978). Foremost among the purposes of this exemption was to prevent "harm [to] the Government's case in court." Id.

21.    None of these factors apply here. Under the language of the statute, there are no "enforcement proceedings" contemplated. The shooter is dead. No crime is being investigated that would lead to a criminal prosecution. Therefore, disclosure would not "harm the Government's case in court." Id. But even if one interpreted "enforcement proceedings" to include FBI's evaluation of a manifesto after the death of the assailant, it is hard to understand who allowing the public to see the manifesto would "interfere" with that investigation. Whatever "interference" exists must be supported by the FBI with evidence.

22.    FBI has identified no legitimate reason why the public should be prohibited from seeing the manifesto. And FBI's own recent history demonstrates why there is no legitimate basis to withhold a manifesto from a deceased assailant.

23.    On October 24, 2022, Orlando Harris killed two and injured seven people in St. Louis. FBI investigated the incident with other law enforcement authorities. The very next day, October 25, CNN obtained a copy of and reported on the details of his manifesto. See Holly Yan, St. Louis school shooter had an AR-15-style rifle, 600 rounds of ammo and a note saying

'I don't have any friends. I don't have any family,' police say, CNN.com, Oct. 25, 2022, https://archive.ph/DDdqw.

24. On November 22, 2022, Andre Marcus Bing killed seven people and injured four at a Walmart Supercenter in Chesapeake, Virginia. FBI investigated the incident with other law enforcement authorities. Within three days, the New York Times obtained the killer's manifesto. See J. David Goodman, Walmart Gunman Bought Pistol Hours Before Killing and Left a "Death Note," New York Times, Nov. 25, 2022, https://archive.ph/MmfAx.

25. On February 13, 2023, Anthony Dwayne McRae killed five and injured three on the campus of Michigan State University. FBI and Michigan law enforcement authorities jointly investigated the incident. Approximately three weeks after the shooting, the Detroit News received a two-page handwritten manifesto describing his motives through a FOIA request. See Kim Kozlowski, Note written by MSU shooter asked 'why,' outlined other targets, The Detroit News, March 10, 2023, https://archive.ph/0bMd6.

26. FBI itself is proud of its history of releasing manifestos. In 1995, FBI famously released Ted Kaczynski's manifesto to The Washington Post, The New York Times, and Penthouse magazine. FBI brags about this history on its website. See FBI, Unabomber Bomb Shrapnel, https://www.fbi.gov/history/artifacts/unabomber-bomb-shrapnel.

27. One could speculate as to why FBI has released so many other manifestos, but not this one. But such speculation is unnecessary for the purposes of this appeal. The simple fact is that FBI has not justified its refusal to release this manifesto under FOIA.

REQUEST FOR RELIEF

Star News therefore requests the following relief:

A. Expedited consideration of this appeal for all the reasons stated in Star News' April 24, 2023, request clarifying its FOIA request and requesting expedited processing under 28 C.F.R. 16.5;

B. Waiver of all costs;

C. Immediate release of the manifesto.

Submitted on behalf of Star News by:

WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.
Daniel P. Lennington (WI Bar No. 1088694)
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455

Facsimile: (414) 727-6385
Dan@will-law.org

Attorney for Star News



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

April 25, 2023

MR. MATT D. KITTLE
THE TENNESSEE STAR/STAR NEWS NETWORK
STAR NEWS DIGITAL MEDIA INCORPORATED
95 WHITE BRIDGE ROAD
NASHVILLE , TN 37205

FOIPA Request No.: 1590230-000
Subject: The Nashville Covenant School Shooting
(Audrey Hale's Manifesto)

Dear Mr. Kittle:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI has completed its search for records subject to the FOIPA that are responsive to your request. The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). 5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only
> to the extent that the production of such law enforcement records or
> information ... could reasonably be expected to interfere with
> enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings. Therefore, your request is being administratively closed. For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Joseph E. Bender, Jr.
Acting Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii) **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgement of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

    a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
    b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii) **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv) **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

-------- Original Message --------
Subject: eFOIA Request Received
Date: 2023-04-24 23:59
 From: efoia@subscriptions.fbi.gov
To: mkittle@thestarnewsnetwork.com


INDIVIDUAL INFORMATION

  Prefix First Name Middle Name Last Name Suffix Email Phone Location

DOMESTIC ADDRESS

  Address Line 1 Address Line 2 City State Postal

AGREEMENT TO PAY

  How you will pay

I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below.
Allow up to $

PROOF OF AFFILIATION FOR FEE WAIVER

  Waiver Explanation

The purpose of my request is not for commercial use, but for use in reporting on news events of urgent interest to the public.
  Documentation Files

NON-INDIVIDUAL FOIA REQUEST

  Request Information

This is an updated request following rejection of my original expedited FOIA request, sent Thursday, April 20.

This is a request under the Freedom of Information Act. I am requesting a copy of the following records: the notes, journal entries, plans, letters, writings, or other documents making up what law enforcement officials have labeled as Audrey Hale's "manifesto" related to the Nashville Covenant School Shooting on March 27, 2023. During a press conference on that same day, Metropolitan Nashville Police Chief John Drake labeled these documents as a "manifesto," stating "we have a manifesto." On or about that same day, Nashville Police provided the FBI a copy of those documents for review, including review by the Behavioral Analysis Unit. For the purposes of this request, I will refer to this document or these groups of documents as the "manifesto."

The purpose of my request is not for commercial use, but for use in reporting on news events. Star News Digital Medial, Inc. owns and operates The Star News Network, a family of news websites, including The Tennessee Star. Michael Patrick Leahy is CEO, Editor-in-Chief and reporter. Matt Kittle is the National Political Director and also a reporter.

We are requesting expedited processing under two criteria.

First, we are requesting expedited processing under 28 CFR 16.5(e)(1)(ii).
Under this criteria, there is "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." Here, the federal government activity is FBI's response to the Nashville Covenant Shooting. The public has an urgent right to know about the FBI's response to the incident, the FBI's handling of the manifesto, and the motivation of the shooter herself. We are "primarily engaged in disseminating information" as full-time reporters. Star News has reported on matters related to the Nashville Covenant School Shooting and plans to do so in the future.

Second, we are requesting expedited processing under 28 CFR 16.5(e)(1)(iv). Under this criteria, this is a "matter of widespread and exceptional media interest in which there exists possible questions about the government" integrity which affects public confidence." There is no doubt that this shooting is of "widespread and exceptional medial interest." National media outlets have covered this incident for weeks. Moreover, as reporters, we have a duty to report on the FBI's integrity. We plan to report on the FBI's delay in releasing this manifesto when, in many other recent circumstances, similar manifestos have been released.

For these two independently sufficient reasons, therefore, we request expedited processing of our request. We will pay fees associated with the release of these records, including reasonable copying costs.

Sincerely,
Michael Patrick Leahy
Matt Kittle
Star News Digital Media, Inc.
95 White Bridge Road, Ste 207,
Nashville, TN 37205

EXPEDITE

  Expedite Reason

As a news outlet, we are reporting on a matter of urgent public interest.
The immediate release of the information requested is necessary to the public's understanding of a troubling incident and for our overall coverage of federal law enforcement's conduct.
  **

  Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request.

Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming. **

  Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the â€˜Check Status of Your FOI/PA Request tool link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

-------- Original Message --------
Subject: eFOIA Request Received
Date: 2023-04-20 13:01
 From: efoia@subscriptions.fbi.gov
To: mkittle@thestarnewsnetwork.com


ORGANIZATION REPRESENTATIVE INFORMATION

  Organization Name Prefix First Name Middle Name Last Name Suffix Email Phone Location

DOMESTIC ADDRESS

  Address Line 1 Address Line 2 City State Postal

AGREEMENT TO PAY

  How you will pay

I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below.
Allow up to $

PROOF OF AFFILIATION FOR FEE WAIVER

  Waiver Explanation

I am a member of the news media reporting on a matter of utmost importance to my readers and the general public.
  Documentation Files

NON-INDIVIDUAL FOIA REQUEST

  Request Information

Dear FOIA Officer:

This is a request under the Freedom of Information Act.
I am requesting a copy of the following document: Audrey Hale's Manifesto related to the Nashville Covenant School Shooting on March 27, 2023. The record came into FBI's possession on or about that date. Media reports indicate that the report is in the possession of the FBI, specifically the Behavioral Analysis Unit.

The purpose of my request is not for commercial use, but as a member of the news media. I am a reporter employed by Star News Digital Media, Inc. I have been reporting on the events related to the shooting for The Tennessee Star.

The Manifesto is alleged to reveal the motivations of Audrey Hale. These motivations are not only relevant to my reporting, but important for public safety and therefore of intense national media interest. The release of these documents could not possibly interfere with any pending law enforcement proceedings, especially since the killer is deceased and the threat to the public has abated.

I am willing to pay the fees related to obtaining this document.

M.D. Kittle
National Political Editor
Star News Network
C - 608-445-0970
mkittle@thestarnewsnetwork.com

EXPEDITE

  Expedite Reason

This is a matter of utmost important to our readers and the general public.
It has been several weeks since the documents requested came into the possession of the FBI, raising questions and speculation in the public mind.
  **

  Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request.
Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming. **

  Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the â€˜Check Status of Your FOI/PA Request tool link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STAR NEWS DIGITAL MEDIA, INC. ET AL,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Case No.: 3:23-cv-467
Judge Aleta A. Traugher

# Exhibit F



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

April 26, 2023

mkittle@thestarnewsnetwork.com

Dear Matt Kittle:

This is to advise you that the Office of Information Policy of the U.S. Department of Justice received your administrative appeal from the action of the Federal Bureau of Investigation regarding Request No. 1590230-000 on 04/25/2023.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2023-01147. Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through Freedom of Information Act STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

Priscilla Jones

Priscilla Jones
Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STAR NEWS DIGITAL MEDIA, INC. ET AL,,

    Plaintiff,

        v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Case No.: 3:23-cv-467
Judge Aleta A. Traugher

# Exhibit G



**U.S. Department of Justice**

Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Matt Kittle
95 White Bridge Road
Nashville, TN 37205
mkittle@thestarnewsnetwork.com

May 5, 2023

Re:  Appeal No. A-2023-01147
      Request No. 1590230-000
      MWH:JKD

**VIA: Online Portal**

Dear Matt Kittle:

You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request for access to a copy of Audrey Hales Manifesto. I note that your appeal concerns the FBI's full denial of your request and denial of your request for expedited processing. You also requested expedited treatment of your appeal.

After carefully considering your appeal, I am affirming the FBI's action on your request. The FOIA provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A) and it is reasonably foreseeable that disclosure of this information would harm the interests protected by this provision. This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

Additionally, the FBI responded to your request by letter dated April 25, 2023. Because the FBI responded to your request, your appeal from the FBIs failure to grant expedited processing of your request is moot.

I also note that you requested expedited treatment of your appeal. Because I am closing your underlying appeal within ten calendar days, your request for expedited treatment of this appeal is moot.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X _Matthew W. Hurd_

Matthew W. Hurd
Chief, Administrative Appeals Staff

STAR NEWS DIGITAL MEDIA, INC. ET AL,

      Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

Case No.: 3:23-cv-467
Judge Aleta A. Traugher

# Exhibit H



May 11, 2023

MR. MATT D. KITTLE
STAR NEWS DIGITAL MEDIA INCORPORATED
SUITE 207
95 WHITE BRIDGE ROAD
NASHVILLE, TN 37205

FOIPA Request No.: 1590230-001
Subject: The Nashville Covenant School Shooting
(Audrey Hale's Manifesto)

Dear Mr. Kittle:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI has completed its search for records subject to the FOIPA that are responsive to your request. The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). 5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings. Therefore, your request is being administratively closed. For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Joseph E. Bender, Jr.
Acting Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

# FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii) **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

    a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

    b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii) **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv) **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ