UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| STAR NEWS DIGITAL MEDIA, INC., MICHAEL PATRICK LEAHY, and MATTHEW D. KITTLE,<br><br>*Plaintiffs,*<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>*Defendant.* | Civil Action No. 3:23-cv-00467-AAT |

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 56.01(b), Defendant Federal Bureau of Investigation ("FBI") respectfully submits the following statement of undisputed material facts in support of Defendant's cross-motion for summary judgment.

1. Plaintiff Matthew D. Kittle submitted a Freedom of Information Act ("FOIA") request to the FBI dated April 20, 2023, seeking "Audrey Hale's Manifesto related to the Nashville Covenant School Shooting on March 27, 2023." ECF No. 1-1 (Compl. Ex. 1). *See also* Seidel Decl. ¶ 5.

**RESPONSE**:

2. Plaintiffs Matthew D. Kittle and Michael Patrick Leahy submitted an "updated request," ECF No. 1-3 (Compl. Ex. 3), or "clarifying request," Compl. ¶ 16, to the FBI dated April 25, 2023. *See also* Seidel Decl. ¶ 7. The "updated request" specified that Plaintiffs sought "a copy of the following records: the notes, journal entries, plans, letters, writings or other documents making up what law enforcement officials have labeled as Audrey Hale's 'manifesto' related to the Nashville Covenant School Shooting on March 27, 2023. During a press conference on that same

day, Metropolitan Nashville Police Chief John Drake labeled these documents as a 'manifesto,' stating 'we have a manifesto.'" ECF No. 1-3 (Compl. Ex. 3); Seidel Decl. ¶ 7.

**RESPONSE**:

3. On April 25, 2023, the FBI responded to Plaintiffs' FOIA request by informing Plaintiffs that it was withholding all records responsive to Plaintiffs' request under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A). ECF No. 1-4 (Compl. Ex. 4); Seidel Decl. ¶ 8. The FBI explained: "The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings. Therefore, your request is being administratively closed." ECF No. 1-4 (Compl. Ex. 4). The FBI informed plaintiff of its administrative appeal rights. ECF No. 1-4 (Compl. Ex. 4); Seidel Decl. ¶ 8.

**RESPONSE**:

4. Plaintiffs filed an administrative appeal, dated April 25, 2023, to the United States Department of Justice Office of Information Policy ("OIP"). ECF No. 1-5 (Compl. Ex. 5); Seidel Decl. ¶ 9.

**RESPONSE**:

5. On May 5, 2023, OIP denied Plaintiffs' administrative appeal. ECF No. 1-6 (Compl. Ex. 6); Seidel Decl. ¶ 11. The Department of Justice Office of Information Policy stated: "The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A) and it is reasonably foreseeable that disclosure of this information would harm the interests protected by this provision." ECF No. 1-6 (Compl. Ex. 6); Seidel Decl. ¶ 11. The Department of Justice Office of Information Policy further explained

2

that Plaintiffs "appeal from the FBI's failure to grant expedited processing of your request is moot" because "the FBI responded to your request by letter dated April 25, 2023." ECF No. 1-6 (Compl. Ex. 6); Seidel Decl. ¶ 11. The Department of Justice Office of Information Policy also explained that, because it was "closing your underlying appeal within ten calendar days, your request for expedited treatment of this appeal is moot." ECF No. 1-6 (Compl. Ex. 6); Seidel Decl. ¶ 11. Finally, the Department of Justice Office of Information Policy informed Plaintiffs that, "[i]f you are dissatisfied with my action on your appeal, FOIA permits you to file a lawsuit in federal district court." ECF No. 1-6 (Compl. Ex. 6); Seidel Decl. ¶ 11.

**RESPONSE**:

6. Plaintiffs filed suit on May 10, 2023. Compl., ECF No. 1.

**RESPONSE**:

7. Defendant answered Plaintiffs' complaint on June 26, 2023. Answer, ECF No. 31.

**RESPONSE**:

8. Michael G. Seidel is the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), at the FBI. Seidel Decl. ¶ 1.

**RESPONSE**:

9. On or about March 30, 2023, RIDS contacted the Memphis Field Office, whose area of responsibility includes Nashville, of the FBI and confirmed that the FBI did possess the documents that were later described by Plaintiffs in their FOIA request as the "manifesto." Seidel Decl. ¶ 15.

**RESPONSE**:

10. After Plaintiffs filed their instant complaint, RIDS coordinated with the relevant custodians and the FBI's Behavioral Analysis Unit to obtain and review the responsive records. Seidel Decl. ¶ 15.

**RESPONSE**:

11. The FBI is the primary investigative agency of the federal government with authority and responsibility to, *inter alia*, investigate all violations of federal law not exclusively assigned to another agency. Seidel Decl. ¶ 17.

**RESPONSE**:

12. After The Covenant School shooting on March 27, 2023, the FBI opened an investigation into the events surrounding the shooting. Seidel Decl. ¶ 18. The FBI is investigating "in part to determine if any federal criminal laws were violated, that potentially could include whether underlying bias provided motivation, or if any co-conspirators or like-minded contacts were involved," *id.* ¶¶ 28, 41, and providing investigative assistance to local law enforcement, *id.* ¶ 19.

**RESPONSE**:

13. Plaintiffs' FOIA request seeks records that the FBI compiled as part of its ongoing investigation of the events surrounding the shooting at The Covenant School on March 27, 2023, and as part of the FBI's assistance to local law enforcement. Seidel Decl. ¶¶ 18-19.

**RESPONSE**:

14. The FBI completed a document-by-document review of the records responsive to Plaintiffs' FOIA request. Seidel Decl. ¶ 26. Through that document-by-document review, the FBI assigned the responsive records to the following category: the documents described by Plaintiffs as "Audrey Hale's Manifesto," and containing "evidentiary or investigative materials provided to

4

Case 3:23-cv-00467    Document 34-6    Filed 07/03/23    Page 4 of 10 PageID #: 292

the FBI by a local law enforcement agency." *Id.* ¶ 27. Specifically, the FBI categorized the documents at issue as "the assailant's writings located in her car and described by MNPD as a 'manifesto.'" *Id.*

**RESPONSE**:

15. As part of the FBI's document-by-document review, the FBI determined that no material from the responsive records can be released without jeopardizing further investigative and/or prosecutive efforts. Seidel Decl. ¶ 41.

**RESPONSE**:

16. The requested records pertain to evidence collection, evaluation efforts, and information concerning victims or witnesses. Seidel Decl. ¶ 30. The FBI has determined that release of the requested records would grant potential targeted individuals a "unique advantage of knowing the details surrounding potential criminal activities, the identities of potential witnesses, and the direct and circumstantial evidence of the potential criminal activities." *Id.* ¶ 31.

**RESPONSE**:

17. The release of the information sought in Plaintiffs' FOIA request could foreseeably harm the FBI's ongoing investigation because the targeted individuals could use the released information to destroy, alter, or counteract evidence; intimidate potential witnesses; assess the likelihood that the individual is a potential subject of the investigations to evade the FBI's investigative efforts. Seidel Decl. ¶¶ 31-32.

**RESPONSE**:

18. The responsive records also contain names and identifying information of third parties who were merely mentioned. Seidel Decl. ¶ 37. To the extent the responsive records are not categorically exempt under FOIA Exemption 7(A), *id.* ¶ 33, the FBI has asserted that

5

Exemptions 6 and 7(C) protect the names and identifying information of third parties who were merely mentioned in the responsive records, *id.* ¶ 37.

**RESPONSE**:

19. The FBI determined that third parties merely mentioned in the responsive records maintain substantial and legitimate privacy interests in not having this information disclosed such that their names and identifying information are connected with an FBI and/or local law enforcement matter. Seidel Decl. ¶ 37. The FBI determined that no public interest overrode these privacy interests. *Id.*

**RESPONSE**:

20. The responsive records also contain detailed plans and descriptions concerning the planning of an attack against The Covenant School. Seidel Decl. ¶ 39. To the extent the responsive records are not categorically exempt under FOIA Exemption 7(A), *id.* ¶ 33, the FBI has asserted that Exemption 7(F) protects specific detailed information concerning Audrey Hale's plans for the Covenant School Shooting, *id.* ¶ 39

**RESPONSE**:

21. The FBI determined that release of these plans would risk public safety by giving other potential attackers in-depth plans for carrying out a similar attack, assist a potential attacker in circumventing law enforcement response and could result in a substantial loss of life. Seidel Decl. ¶ 39.

**RESPONSE**:

22. The Metropolitan Nashville Police Department ("MNPD") is a law enforcement agency. Gibson Decl. ¶ 2.

**RESPONSE**:

23. The MNPD opened an investigation relating to the shooting at The Covenant School after it occurred on March 27, 2023. Gibson Decl. ¶ 6. This investigation is "an active, ongoing criminal investigation and an open matter." *Id.*

**RESPONSE**:

24. The ongoing investigation concerns include whether the assailant had any assistance with planning the shooting or any assistance with purchasing the weapons that were used in the shooting. Gibson Decl. ¶ 8.

**RESPONSE**:

25. Even though the assailant died at the school, the criminal investigative file did not close. Gibson Decl. ¶ 9. The MNPD continues to investigation whether related crimes were committed, are being planned, or whether other people were involved. *Id.*

**RESPONSE**:

26. Lieutenant Gibson is overseeing this investigation. Gibson Decl. ¶ 6.

**RESPONSE**:

27. Plaintiffs' FOIA request seeks materials that are a part of the MNPD's investigative file, which is the product of law enforcement officers to gather relevant documents, items, and electronic files related to this crime. Gibson Decl. ¶¶ 10, 13. Specifically, Plaintiffs' FOIA request seeks the materials that MNPD Chief John Drake referred to on March 27, 2023, as a "manifesto." *Id.* ¶ 10. When MNPD Chief John Drake referred to certain materials as a "manifesto," he was referencing the assailant's writings that were found in her car after the shooting on March 27, 2023. *Id.*

**RESPONSE**:

28. Disclosure of the records Plaintiffs seek could harm the MNPD's ongoing investigation. Gibson Decl. ¶¶ 11-12. Specifically, the MNPD has not yet had the opportunity to interview individuals identified in the records Plaintiffs seek, and the MNPD needs to have the opportunity to interview those individuals without them having advance notice of how and when they are mentioned in the requested records. *Id.* ¶ 11. Disclosure could enable potential witnesses to shape their testimony in light of the disclosed information or decline to cooperate with the ongoing investigation. *Id.* ¶ 12.

**RESPONSE**:

Dated: July 3, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Alexander W. Resar*
ALEXANDER W. RESAR
N.Y. Bar No. 5636337
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 616-8188
alexander.w.resar@usdoj.gov

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

ANICA C. JONES, B.P.R. # 025325
Assistant United States Attorney
United States Attorney's Office
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151

Email: anica.jones@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2023, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy was sent by United States First Class Mail, postage prepaid, to the following:

| Daniel P. Lennington<br>Lucas T. Vebber<br>Richard M. Esenberg<br>Wisconsin Institute for Law & Liberty, Inc.<br>330 East Kilbourn Avenue, Suite 725<br>Milwaukee, WI 53202<br>Email: dan@will-law.org<br>Email: lucas@will-law.org<br>Email: rick@will-law.org | Matthew J. McClanahan<br>McClanahan & Winston PC<br>P.O. Box 51907<br>Knoxville, TN 37950<br>Email: matt@tennadvocate.com |
|---|---|

   /s/ Alexander W. Resar
Trial Attorney
U.S. Department of Justice

*Counsel for Defendant*