UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STAR NEWS DIGITAL MEDIA, INC., MICHAEL PATRICK LEAHY, and MATTHEW D. KITTLE,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    *Defendant.* | Civil Action No. 3:23-cv-00467-AAT |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 56.01(c), Plaintiffs respectfully submit the following response to Defendant's statement of undisputed material facts in opposition to Defendant's cross-motion for summary judgment.

1.    Plaintiff Matthew D. Kittle submitted a Freedom of Information Act ("FOIA") request to the FBI dated April 20, 2023, seeking "Audrey Hale's Manifesto related to the Nashville Covenant School Shooting on March 27, 2023." ECF No. 1-1 (Compl. Ex. 1). *See also* Seidel Decl. ¶ 5.

**RESPONSE**: Admit.

2.    Plaintiffs Matthew D. Kittle and Michael Patrick Leahy submitted an "updated request," ECF No. 1-3 (Compl. Ex. 3), or "clarifying request," Compl. ¶ 16, to the FBI dated April 25, 2023. *See also* Seidel Decl. ¶ 7. The "updated request" specified that Plaintiffs sought "a copy of the following records: the notes, journal entries, plans, letters, writings or other documents making up what law enforcement officials have labeled as Audrey Hale's 'manifesto' related to the Nashville Covenant School Shooting on March 27, 2023. During a press conference on that

same day, Metropolitan Nashville Police Chief John Drake labeled these documents as a 'manifesto,' stating 'we have a manifesto.'" ECF No. 1-3 (Compl. Ex. 3); Seidel Decl. ¶ 7.

**RESPONSE**: Admit, but clarify that Plaintiffs' request for the "manifesto" only includes those records that "reveal the motivations of Audrey Hale." *See* Dkt. 1:¶ 14 & Dkt. 1-1 (Ex. 1 to Verified Complaint).

3. On April 25, 2023, the FBI responded to Plaintiffs' FOIA request by informing Plaintiffs that it was withholding all records responsive to Plaintiffs' request under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A). ECF No. 1-4 (Compl. Ex. 4); Seidel Decl. ¶ 8. The FBI explained: "The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings. Therefore, your request is being administratively closed." ECF No. 1-4 (Compl. Ex. 4). The FBI informed plaintiff of its administrative appeal rights. ECF No. 1-4 (Compl. Ex. 4); Seidel Decl. ¶ 8.

**RESPONSE**: Admit

4. Plaintiffs filed an administrative appeal, dated April 25, 2023, to the United States Department of Justice Office of Information Policy ("OIP"). ECF No. 1-5 (Compl. Ex. 5); Seidel Decl. ¶ 9.

**RESPONSE**: Admit

5. On May 5, 2023, OIP denied Plaintiffs' administrative appeal. ECF No. 1-6 (Compl. Ex. 6); Seidel Decl. ¶ 11. The Department of Justice Office of Information Policy stated: "The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A) and it is reasonably foreseeable that disclosure of

this information would harm the interests protected by this provision." ECF No. 1-6 (Compl. Ex. 6); Seidel Decl. ¶ 11. The Department of Justice Office of Information Policy further explained that Plaintiffs "appeal from the FBI's failure to grant expedited processing of your request is moot" because "the FBI responded to your request by letter dated April 25, 2023." ECF No. 1-6 (Compl. Ex. 6); Seidel Decl. ¶ 11. The Department of Justice Office of Information Policy also explained that, because it was "closing your underlying appeal within ten calendar days, your request for expedited treatment of this appeal is moot." ECF No. 1-6 (Compl. Ex. 6); Seidel Decl. ¶ 11. Finally, the Department of Justice Office of Information Policy informed Plaintiffs that, "[i]f you are dissatisfied with my action on your appeal, FOIA permits you to file a lawsuit in federal district court." ECF No. 1-6 (Compl. Ex. 6); Seidel Decl. ¶ 11.

**RESPONSE**: Admit

6. Plaintiffs filed suit on May 10, 2023. Compl., ECF No. 1.

**RESPONSE**: Admit

7. Defendant answered Plaintiffs' complaint on June 26, 2023. Answer, ECF No. 31.

**RESPONSE**: Admit

8. Michael G. Seidel is the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), at the FBI. Seidel Decl. ¶ 1.

**RESPONSE**: Admit that Mr. Seidel's declaration attests to this fact, but Plaintiffs have no independent knowledge of this fact. Plaintiffs do not contest this alleged fact.

9. On or about March 30, 2023, RIDS contacted the Memphis Field Office, whose area of responsibility includes Nashville, of the FBI and confirmed that the FBI did possess the documents that were later described by Plaintiffs in their FOIA request as the "manifesto." Seidel Decl. ¶ 15.

**RESPONSE**: Admit that Mr. Seidel's declaration attests to these facts, but Plaintiffs have no independent knowledge of these facts and therefore do not contest them for the purposes of this motion for summary judgment.

10. After Plaintiffs filed their instant complaint, RIDS coordinated with the relevant custodians and the FBI's Behavioral Analysis Unit to obtain and review the responsive records. Seidel Decl. ¶ 15.

**RESPONSE**: Admit that Mr. Seidel's declaration attests to these facts, but Plaintiffs have no independent knowledge of these facts and therefore do not contest them for the purposes of this motion for summary judgment.

11. The FBI is the primary investigative agency of the federal government with authority and responsibility to, *inter alia*, investigate all violations of federal law not exclusively assigned to another agency. Seidel Decl. ¶ 17.

**RESPONSE**: Admit.

12. After The Covenant School shooting on March 27, 2023, the FBI opened an investigation into the events surrounding the shooting. Seidel Decl. ¶ 18. The FBI is investigating "in part to determine if any federal criminal laws were violated, that potentially could include whether underlying bias provided motivation, or if any co-conspirators or like-minded contacts were involved," *id.* ¶¶ 28, 41, and providing investigative assistance to local law enforcement, *id.* ¶ 19.

**RESPONSE**: Admit that the shooting occurred on March 27, 2023. Plaintiffs do not contest that Defendant opened an investigation and is helping local law enforcement. Plaintiffs are unaware of any jurisdiction for Defendant to investigate the "underlying bias" of Audrey Hale, who is deceased and therefore cannot be the subject of a criminal prosecution; therefore, Plaintiffs

cannot admit that portion of the allegation. Plaintiffs do not contest that local law enforcement has investigated the issue of "co-conspirators or like-minded contacts," and that Defendant has assisted in that investigation.

13. Plaintiffs' FOIA request seeks records that the FBI compiled as part of its ongoing investigation of the events surrounding the shooting at The Covenant School on March 27, 2023, and as part of the FBI's assistance to local law enforcement. Seidel Decl. ¶¶ 18-19.

**RESPONSE**: Plaintiffs are seeking records recovered by the Nashville Metropolitan Police Department, copies of which were provided to Defendant, that reflect the motivation of Audrey Hale on March 27, 2023. Plaintiffs are unable to admit the remaining allegations in this paragraph.

14. The FBI completed a document-by-document review of the records responsive to Plaintiffs' FOIA request. Seidel Decl. ¶ 26. Through that document-by-document review, the FBI assigned the responsive records to the following category: the documents described by Plaintiffs as "Audrey Hale's Manifesto," and containing "evidentiary or investigative materials provided to the FBI by a local law enforcement agency." *Id.* ¶ 27. Specifically, the FBI categorized the documents at issue as "the assailant's writings located in her car and described by MNPD as a 'manifesto.'" *Id.*

**RESPONSE**: Admit that Mr. Seidel's declaration attests to these facts, but Plaintiffs have no independent knowledge of these facts and therefore do not contest them for the purposes of this motion for summary judgment. Moreover, Plaintiffs have never limited their FOIA request to those documents "in her car," and that limitation has now been artificially placed on the request by Defendant.

15. As part of the FBI's document-by-document review, the FBI determined that no material from the responsive records can be released without jeopardizing further investigative and/or prosecutive efforts. Seidel Decl. ¶ 41.

**RESPONSE**: Plaintiffs do not dispute that Defendant reviewed documents, but the conclusions stated in this paragraph are matters of law and Plaintiffs cannot therefore admit them.

16. The requested records pertain to evidence collection, evaluation efforts, and information concerning victims or witnesses. Seidel Decl. ¶ 30. The FBI has determined that release of the requested records would grant potential targeted individuals a "unique advantage of knowing the details surrounding potential criminal activities, the identities of potential witnesses, and the direct and circumstantial evidence of the potential criminal activities." *Id.* ¶ 31.

**RESPONSE**: Plaintiffs do not dispute that Defendant believes they are justified in withholding records under FOIA, but dispute that such beliefs are justified or otherwise dispositive of the issues in this case. Furthermore, Plaintiffs affirmatively state that Defendant may redact information that is determined to harm any investigation that will lead to a criminal proceeding.

17. The release of the information sought in Plaintiffs' FOIA request could foreseeably harm the FBI's ongoing investigation because the targeted individuals could use the released information to destroy, alter, or counteract evidence; intimidate potential witnesses; assess the likelihood that the individual is a potential subject of the investigations to evade the FBI's investigative efforts. Seidel Decl. ¶¶ 31-32.

**RESPONSE**: Plaintiffs do not dispute that Defendant believes they are justified in withholding records under FOIA, but dispute that such beliefs are justified or otherwise dispositive of the issues in this case. Furthermore, Plaintiffs affirmatively state that Defendant may redact information that is determined to harm any investigation that will lead to a criminal proceeding.

18. The responsive records also contain names and identifying information of third parties who were merely mentioned. Seidel Decl. ¶ 37. To the extent the responsive records are not categorically exempt under FOIA Exemption 7(A), *id.* ¶ 33, the FBI has asserted that Exemptions 6 and 7(C) protect the names and identifying information of third parties who were merely mentioned in the responsive records, *id.* ¶ 37.

**RESPONSE**: Plaintiffs deny that Defendant asserted these FOIA exemptions in their FOIA responses. Plaintiffs affirmatively state that Defendant may redact "names and identifying information of third parties" and still comply with FOIA.

19. The FBI determined that third parties merely mentioned in the responsive records maintain substantial and legitimate privacy interests in not having this information disclosed such that their names and identifying information are connected with an FBI and/or local law enforcement matter. Seidel Decl. ¶ 37. The FBI determined that no public interest overrode these privacy interests. *Id.*

**RESPONSE**: Plaintiffs admit that Defendant believes this, but state that Defendant may redact information reflecting "substantial and legitimate privacy interests" and still comply with FOIA.

20. The responsive records also contain detailed plans and descriptions concerning the planning of an attack against The Covenant School. Seidel Decl. ¶ 39. To the extent the responsive records are not categorically exempt under FOIA Exemption 7(A), *id.* ¶ 33, the FBI has asserted that Exemption 7(F) protects specific detailed information concerning Audrey Hale's plans for the Covenant School Shooting, *id.* ¶ 39

**RESPONSE**: Plaintiffs deny that Defendant asserted Exemption 7(F) in their response to Plaintiffs' FOIA request. Plaintiffs also deny that they requested "detailed plans and descriptions," in so far as such records are not the "manifesto" reflecting the motivations for the attack.

21. The FBI determined that release of these plans would risk public safety by giving other potential attackers in-depth plans for carrying out a similar attack, assist a potential attacker in circumventing law enforcement response and could result in a substantial loss of life. Seidel Decl. ¶ 39.

**RESPONSE**: Plaintiffs deny that they requested information that would allow "other potential attackers in-depth plans for carrying out a similar attack," and assert that to the extent such records are contained in the "manifesto," such information could be easily redacted.

22. The Metropolitan Nashville Police Department ("MNPD") is a law enforcement agency. Gibson Decl. ¶ 2.

**RESPONSE**: Admit.

23. The MNPD opened an investigation relating to the shooting at The Covenant School after it occurred on March 27, 2023. Gibson Decl. ¶ 6. This investigation is "an active, ongoing criminal investigation and an open matter." *Id.*

**RESPONSE**: Admit that MNPD claims it has an investigation into the shooting but deny that such a claim would prevent release of records under FOIA.

24. The ongoing investigation concerns include whether the assailant had any assistance with planning the shooting or any assistance with purchasing the weapons that were used in the shooting. Gibson Decl. ¶ 8.

**RESPONSE**: Plaintiffs do not dispute that MNPD is investigating potential co-conspirators or whether Audrey Hale had assistance but deny that such facts would prevent the release of records under FOIA.

25. Even though the assailant died at the school, the criminal investigative file did not close. Gibson Decl. ¶ 9. The MNPD continues to investigation whether related crimes were committed, are being planned, or whether other people were involved. *Id.*

**RESPONSE**: Plaintiffs do not dispute that MNPD's file is not closed but deny that continued investigation of certain crimes would prevent the release of records under FOIA.

26. Lieutenant Gibson is overseeing this investigation. Gibson Decl. ¶ 6.

**RESPONSE**: Admit.

27. Plaintiffs' FOIA request seeks materials that are a part of the MNPD's investigative file, which is the product of law enforcement officers to gather relevant documents, items, and electronic files related to this crime. Gibson Decl. ¶¶ 10, 13. Specifically, Plaintiffs' FOIA request seeks the materials that MNPD Chief John Drake referred to on March 27, 2023, as a "manifesto." *Id.* ¶ 10. When MNPD Chief John Drake referred to certain materials as a "manifesto," he was referencing the assailant's writings that were found in her car after the shooting on March 27, 2023. *Id.*

**RESPONSE**: Admit, but Plaintiffs further clarify that they have never limited their request to materials only present in "her car," and have only requested the "manifesto" insofar as the records reveal the motivations of Audrey Hale.

28. Disclosure of the records Plaintiffs seek could harm the MNPD's ongoing investigation. Gibson Decl. ¶¶ 11-12. Specifically, the MNPD has not yet had the opportunity to interview individuals identified in the records Plaintiffs seek, and the MNPD needs to have the

opportunity to interview those individuals without them having advance notice of how and when they are mentioned in the requested records. *Id.* ¶ 11. Disclosure could enable potential witnesses to shape their testimony in light of the disclosed information or decline to cooperate with the ongoing investigation. *Id.* ¶ 12.

**RESPONSE**: Plaintiffs do not deny that MNPD has not had a chance to interview every potential witness, but deny that such fact would prevent the release of records under FOIA.

Dated this 24th day of July, 2023.

WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.

s/ *Daniel P. Lennington*
Richard M. Esenberg (WI Bar No. 1005622)*
Lucas T. Vebber (WI Bar No. 1067543)*
Daniel P. Lennington (WI Bar No. 1088694)*
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Facsimile: (414) 727-6385
Rick@will-law.org
Lucas@will-law.org
Dan@will-law.org
*admitted *Pro Hac Vice*

MCCLANAHAN & WINSTON, PC

Matthew J. McClanahan (BPR #036867)
PO Box 51907
Knoxville, TN 37950
Telephone: (865) 347-3921
Facsimile: (865) 444-0786
matt@tennadvocate.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice to all attorneys of record.

Dated this 24th day of July, 2023.

s/ *Daniel P. Lennington*
Daniel P. Lennington