UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STAR NEWS DIGITAL MEDIA, INC.,
MICHAEL PATRICK LEAHY,
and MATTHEW D. KITTLE,

    Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Case No. 3:23-cv-00467
Judge Aleta A. Trauger

**MEMORANDUM IN SUPPORT OF MOTION TO OPEN DISCOVERY FOR LIMITED PURPOSE, SHORTEN DEFENDANT'S DEADLINE, AND SUPPLEMENTAL BRIEFING**

## INTRODUCTION

In its pending summary judgment motion, FBI argued that it could not release any part of the Nashville Shooter's Manifesto—even a single redacted page—because any release would threaten an "ongoing investigation" into whether "potential federal crimes were committed" by so-called "like-minded contacts." ECF No. 38:1.

New evidence may definitively establish that FBI's legal position is without merit. News media has reported a leak, and three pages likely from the Manifesto are now publicly available. Assuming their authenticity, these pages demonstrate that at least some of the Manifesto could have been released under the Freedom of Information Act (FOIA) without disrupting any law enforcement investigation.

Accordingly, whether the three pages are authentic has a direct bearing on FBI's legal position, but FBI and the Metro Nashville Police Department will not confirm that they are. Counsel for FBI informed Plaintiffs' counsel via email that FBI will not confirm the authenticity of these pages at this time.

Plaintiffs therefore respectfully request permission to serve a request for admission under Fed. R. Civ. P. 36 and an interrogatory under Fed. R. Civ. P. 33 to determine the authenticity of the three pages that are reportedly from the Manifesto. Plaintiffs further move that, under Fed. R. Civ. P. 36(a)(3) and Fed. R. Civ. P. 33(b)(2), FBI's time to respond be shortened to five business days. Finally, Plaintiffs ask that this Court permit each party to file a ten-page supplemental brief within one week of FBI's response.

## BACKGROUND

On March 27, 2023, Audrey Hale killed three children and three adults at The Covenant School in Nashville. Law enforcement officers responded to the scene and killed Hale. R.1:¶1.

After the shooting, law enforcement officers discovered a "manifesto" in Hale's car. R.1:¶2. FBI then obtained a copy of the Manifesto for analysis. R.1:¶3.

Plaintiffs sought access to the Manifesto under FOIA, but FBI denied the request. FBI claimed that releasing any part of the Manifesto would "interfere with enforcement proceedings." R.1:¶¶14, 17. This action followed, and cross motions for summary judgment are pending. R.20, 34.

On November 6, 2023, political commentator Steven Crowder claimed to have obtained three pages of the Manifesto, which he posted online. *See* Ex., Declaration

of Leahy & Attached Images. Members of the Tennessee General Assembly who personally viewed the original Manifesto confirmed their authenticity, but FBI and the Metro Nashville Police Department have declined to do so. *Id.*

## ARGUMENT

Neither the federal nor local rules provide a standard for a motion to open discovery in this action's procedural posture. This Court suspended the Initial Case Management Conference and then both parties moved for summary judgment. R.20, 33, 34.

Federal R. Civ. P. 16, however, provides useful guidance. The Rule permits modification to the scheduling order, and therefore to the scope and subject of discovery, "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Further, a court may modify the scheduling order only if the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). The Sixth Circuit has linked these two requirements, stating that good cause is measured by the movant's diligence in attempting to meet the deadlines. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). In addition, "while prejudice to the defendant is not an express component of Rule 16, it is nonetheless a relevant consideration." *Leary*, 349 F.3d at 906, 909 (citation omitted). Finally, evidence to be considered for summary judgment must be "material." Fed. R. Civ. P. 56(c).

Under Fed. R. Civ. P. 16, this Court should grant this Motion. Plaintiffs discovered this information on November 6, 2023, and then filed this Motion as soon as reasonably possible. Additionally, FBI is not prejudiced by this limited discovery

process. FBI must simply admit or deny one request for admission and one interrogatory. What's more, FBI would not be prejudiced by this Court's consideration of new evidence, if authenticated. After all, the Manifesto is not new to FBI. FBI has possessed the Manifesto for months and presumably counsel for FBI reviewed the Manifesto in preparing the legal defense in this action.

Moreover, if authentic, the three pages are certainly "material" to this Court's consideration of the pending summary judgment motions. *See* Fed. R. Civ. P. 56(c). Plaintiffs sought access to the Manifesto because it allegedly contained Hale's motivations for the killings. These pages expressly include Hale's motivations for the killings, stating:

> <u>Kill those kids</u>!!!
> those crackers
> going to private fancy schools
> with those fancy khakis & sports
> backpacks
> w/ their daddies mustangs
> & convertibles
> fuck you little shits
> I wish to shoot you weakass
> dicks w/ your mop yellow hair
> wanna kill all you little crackers!!!
> Bunch of little faggots
> w/ your white privileges
> fuck you faggots.

*See* Ex., Declaration of Leahy & Attachment.

FBI, for its part, argued previously that the Manifesto could not be released because it included evidence of Hale's "underlying bias," but this argument underscores a defect in FBI's defense: Hale is dead and cannot be charged with a crime. R.38:1. Plaintiffs do not dispute that certain federal laws provide enhanced

penalties for bias and that the three pages provide some insight into Hale's motivations. These pages, however, do not explain the bias or motivations of anyone else—they do not suggest that another person committed a crime. Therefore, FBI cannot explain how revealing Hale's hatred of her victims' race and sexuality "could reasonably be expected to interfere with enforcement proceedings." *See* 5 U.S.C. § 552(b)(7)(A).

The three pages are also relevant because FBI argued that the Manifesto included evidence of "like-minded contacts," but nothing in these pages discusses co-conspirators or like-minded perpetrators. R.38:1. The only third parties specifically mentioned are the "Royal Range" (which is an apparent reference to a Nashville-area gun range) and "Nana" (which is an apparent reference to Hale's grandmother). If the disclosure of that business or "Nana" would have impeded an investigation into co-conspirators, FBI could have easily redacted those references.

Apart from the page referencing Hale's motivation and another page laying out Hale's planned sequence of the day, the other page simply recounts Hale's feelings:

> DEATH DAY
> Today is the day
> The day has finally come!
> I can't believe its here.
> Don't know how I was able to get this far,
> but here I am.
> I'm a little nervous, but excited too,
> been-excited for the past 2 weeks.
> There were several times I could have been
> caught especially back in the summer of 2021.
> None of that matters now. I am almost an
> hour & 7 minutes away.
> Can't believe I am doing this,
> but I'm ready…

> I hope my victims aren't.
> My only fear is if anything goes wrong.
> I'll do my best to prevent any of the sort.
> (God let my wrath take over my anxiety)
> It might be 10 minutes tops. It might be
> 3-7. Its gonna go quick.
> I hope I have a high death count.
> <u>Ready to die</u> nana.

*See* Ex., Leahy Declaration & Attached Images. Again, FBI has no justification for withholding this entire page. It does not discuss Hale's biases or motivations, let alone refer to a co-conspirator. No person could reasonably read this page and be tipped off that he or she is the subject of an FBI investigation. Yet even if FBI believed that Hale's admission on this page that she "could have been caught" in the summer of 2021 is some type of sensitive information, FBI could have easily redacted that comment.

Because the three pages are clearly material to the disposition of the pending summary judgment motions and FBI refuses to confirm their authenticity, Plaintiffs should be permitted to pose a request for admission and interrogatory. Such requests would clarify whether the images are authentic, and if so, the parties should be permitted supplemental briefing.

## CONCLUSION

In conclusion, what the leak unequivocally has proven, assuming the three pages' authenticity, is that FBI could have selectively released portions of the Manifesto that were unrelated to a criminal investigation of potential co-conspirators. FBI cannot seriously claim otherwise. Because FBI is refusing to confirm these pages authenticity, Plaintiffs should be permitted limited discovery to serve a request for

admission and interrogatory with shortened deadlines. Then the parties should be permitted to file supplemental briefs if FBI confirms these pages' authenticity.

Dated this 7th day of November, 2023.

WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.

s/ *Daniel P. Lennington*
Richard M. Esenberg (WI Bar No. 1005622)
Lucas T. Vebber (WI Bar No. 1067543)
Daniel P. Lennington (WI Bar No. 1088694)
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Facsimile: (414) 727-6385
Rick@will-law.org
Lucas@will-law.org
Dan@will-law.org

Matthew J. McClanahan (BPR #036867)
PO Box 51907
Knoxville, TN 37950
Telephone: (865) 347-3921
Facsimile: (865) 444-0786
matt@tennadvocate.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2023, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice to all attorneys of record.

s/ *Daniel P. Lennington*
Daniel P. Lennington