UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STAR NEWS DIGITAL MEDIA, INC.,
MICHAEL PATRICK LEAHY,
and MATTHEW D. KITTLE,

    Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Case No. 3:23-cv-00467
Judge Aleta A. Trauger

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO OPEN DISCOVERY FOR LIMITED PURPOSE, SHORTEN DEFENDANT'S DEADLINE, AND SUPPLEMENTAL BRIEFING**

## INTRODUCTION

The authenticity of the leaked Manifesto pages is an issue of material fact, so limited discovery is justified. First, if authentic, the leaked pages help establish that FBI could have released at least a redacted version of the Manifesto without hindering an ongoing investigation. Second, if authentic, the leak placed pages from the Manifesto into the public domain. Assuming their public availability has caused harm, FBI's silence will not patch the leak. In fact, shortly after Plaintiffs filed this motion, the Metropolitan Nashville Police Chief said that these pages were "pages of writings from the Covenant Shooter." Metro. Nashville Police Dep't, *Statement from Chief Drake Concerning Shooter Writings* (Nov. 6, 2023), https://www.nashville.gov/departments/police/news/statement-chief-drake-

- 1 -

concerning-covenant-shooter-writings. This Court should order FBI to respond to limited discovery in a shortened period. At a minimum, this Court should take judicial notice of the Police Chief's statement and permit Plaintiffs to file a short supplemental brief explaining how these pages help establish that Plaintiffs are entitled to summary judgment.

## ARGUMENT

### I. Limited discovery is justified.

"[D]iscovery is not unheard of in a FOIA action," especially when "issues of material fact exist . . . ." *See Scudder v. CIA*, 25 F. Supp. 3d 19, 50 (D.D.C. 2014). "[W]hether withheld items are exempt from disclosure" is a "permissible avenue[ ] for discovery." *Niren v. INS*, 103 F.R.D. 10, 11 (D. Or. 1984).

The authenticity of the leaked pages is material for at least two reasons. First, if authentic, they demonstrate that at least partial disclosure would not have hindered an investigation. FBI relies on *Citizens for Responsibility & Ethics in Washington v. DOJ*, noting the court in that decision said that judges should "give deference to an agency's predictive judgment of the harm that will result from disclosure of information." ECF No. 40:7–8 (quoting 746 F.3d 1082, 1098 (D.C. Cir. 2014)). FBI truncates the quoted sentence, which continues: "it is not sufficient for the agency to simply assert that disclosure will interfere with enforcement proceedings: 'it must rather demonstrate *how* disclosure' will do so." *Citizens for Responsibility*, 746 F.3d at 1098 (quoted source omitted). Additionally, in that case, DOJ argued that 7(A) exempted from disclosure certain records concerning an individual who was "no longer under investigation" because the records also

- 2 -

Case 3:23-cv-00467    Document 41    Filed 11/28/23    Page 2 of 6 PageID #: 372

contained "intertwined" information about other individuals who were under investigation. *Id*. at 1099. The court concluded that "DOJ ha[d] not met its burden to warrant categorical withholding." *Id*. Like the records in *Citizens for Responsibility*, the Manifesto primarily concerns one individual, the Nashville Shooter, who is not under investigation: she is dead. Like DOJ's claim in *Citizens for Responsibility*, FBI asserts that the Manifesto concerns other individuals who are under investigation, but its assertion is too conclusory to warrant deference.

Section 7(A) is inapplicable, but even if this Court disagrees, FBI seems to believe that any time 7(A) applies, FBI can categorically withhold every part of every record related to the investigation, making the authenticity of the leaked pages immaterial. Not so. The categorical approach comes from a decision in which the United States Supreme Court held that NLRB could withhold all or at least most witness statements because releasing these statements could foster witness intimidation, thereby deterring cooperation. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 239 (1978). Even if the release of a specific statement might not have harmed the specific investigation that the statement concerned, a policy of releasing such statements could generally harm investigations. FBI does not explain how the Manifesto belongs to a category of records that cannot be disclosed without harming investigations generally.

The category FBI has in mind is unclear, but a category cannot be so broadly defined as to negate statutory text. Section 7(A), by its own language, permits FBI to withhold records "only to the extent that the production of such . . . records . . . could

- 3 -

reasonably be expected to interfere with enforcement proceedings . . . ." 5 U.S.C. § 552(b)(7)(A). The statutory subsection further provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." § 552(b). Therefore, absent a reasonably defined categorical justification, "non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions" and "an 'agency must provide a detailed justification for [the exempt material's] non-segregability . . . .' " *See Farahi v. FBI*, 643 F. Supp. 3d 158, 175–76 (D.D.C. 2022) (alteration in original) (quoted source omitted). FBI has not met this burden. Additionally, if authentic, at least the leaked pages could have been disclosed because the information they contain is not intertwined with information concerning other individuals under investigation.

Second, if authentic, the leak placed pages from the Manifesto into the "public domain," which renders 7(A) inapplicable as applied to these pages. *See Cottone v. Reno*, 193 F.3d 550, 555–56 (D.C. Cir. 1999). "[A]n exemption can serve no purpose once information—including sensitive law-enforcement intelligence—becomes public . . . ." *Id.* at 555. If Section 7(A) is inapplicable to these pages, FBI must release them. At a minimum, FBI must "explain[ ] where in the 'public domain' " these pages reside, which it can effectively do by confirming authenticity. *Cf. Campbell v. DOJ*, 164 F.3d 20, 36 (D.C. Cir. 1998).

- 4 -

## II. Expedited response is justified.

This Court should shorten FBI's time to respond to five business days because Plaintiffs are asking only for FBI to admit that the leaked pages are authentic. *See* Fed. R. Civ. P. 36(a)(3). FBI has already reviewed the leaked pages, which were attached to Plaintiffs' motion. It must know already whether they are authentic. Redaction is not needed. Under the circumstances, five days is more than enough time for FBI to answer a yes/no question.

## III. Supplemental briefing should be ordered.

Plaintiffs seek to file a short supplemental brief explaining how the leaked pages help establish that Plaintiffs' motion for summary judgment should be granted. Even if this Court denies limited discovery, Plaintiffs request that it take judicial notice of the Police Chief's statement. *See* Fed. R. Civ. P. 201(c)(2) ("The court must take judicial notice if a party requests it and the court is supplied with the necessary information."); *see also Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 262 (S.D.N.Y. 2019) (taking judicial notice of a press release by local officials), *aff'd*, 788 F. App'x 85 (2d Cir. 2019). Accordingly, regardless of how this Court rules on the discovery matters, it should permit supplemental briefing. Notably, FBI forfeited any argument that it would be prejudiced by permitting supplemental briefing because FBI did not address the issue in its response.

## CONCLUSION

Plaintiffs' motion should be granted. Even if limited discovery is denied, this Court should take judicial notice of the Police Chief's statement and permit supplemental briefing.

Dated this 28th day of November, 2023.

        WISCONSIN INSTITUTE FOR
        LAW & LIBERTY, INC.

        s/ *Daniel P. Lennington*
        Richard M. Esenberg (WI Bar No. 1005622)
        Lucas T. Vebber (WI Bar No. 1067543)
        Daniel P. Lennington (WI Bar No. 1088694)
        330 East Kilbourn Avenue, Suite 725
        Milwaukee, WI 53202
        Telephone: (414) 727-9455
        Facsimile: (414) 727-6385
        Rick@will-law.org
        Lucas@will-law.org
        Dan@will-law.org

        Matthew J. McClanahan (BPR #036867)
        PO Box 51907
        Knoxville, TN 37950
        Telephone: (865) 347-3921
        Facsimile: (865) 444-0786
        matt@tennadvocate.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice to all attorneys of record.

        s/ *Daniel P. Lennington*
        Daniel P. Lennington