# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STAR NEWS DIGITAL MEDIA, INC., MICHAEL PATRICK LEAHY, and MATTHEW D. KITTLE, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant | Case No. 3:23-cv-00467 <br> Judge Aleta A. Trauger |

## ORDER

Plaintiffs Star Digital Media, Inc., Michael Patrick Leahy, and Matthew D. Kittle have filed a Motion for Summary Judgment (Doc. No. 20). The Federal Bureau of Investigation ("FBI") has filed a combined Cross-Motion for Summary Judgment and Response (Doc. No. 34), to which the plaintiffs has filed a Response that also serves as a Reply in support of the plaintiffs' initial motion (Doc. No. 35), and the FBI has filed a Reply (Doc. No. 38). Finally, the plaintiffs have filed a Motion to Open Discovery (Doc. No. 39), to which the FBI has filed a Response (Doc. No. 40), and the plaintiffs have filed a Reply (Doc. No. 41).

Although summary judgment motions in Freedom of Information Act ("FOIA") cases are governed by the ordinary terms of Rule 56, courts have recognized that the "peculiar posture" of such cases, which inherently involve asymmetrical access to relevant information, can be "difficult for our adversarial system to handle" and call for some specialized procedures. *Jones v. F.B.I.*, 41 F.3d 238, 242 (6th Cir. 1994). Generally speaking, in order to "facilitate review" in a manner that protects the legitimate interests of plaintiffs, "the government must support its

position with detailed affidavits and . . . 'a relatively detailed analysis' of 'manageable segments' of the documents." *ACLU of Mich.* v. F.B.I., 734 F.3d 460, 465 (6th Cir. 2013) (quoting *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973))." If the agency's assertions are insufficient to support the assertion of the cited exemption, however, "the court may seek to examine the withheld documents *in camera*." *Id.* (citing 5 U.S.C. § 552(a)(4)(B)). Although the FBI has requested summary judgment outright, it has stated that, if the court finds the FBI's assertions of exemption under FOIA to be facially insufficient, "the FBI can provide additional information . . . *in camera* and *ex parte*." (Doc. No. 34-1 at 12 n.1.)

The court finds that the FBI's assertions cannot be evaluated adequately based on the available materials and that, although the FBI's position may ultimately be well-founded, it has not supported that position with sufficient clarity or detail to permit the court to recognize the asserted exemptions at this time. The court also finds that the significant public interest in both the requested materials and the law enforcement objectives asserted by the FBI support *in camera* review and that no showing has been made that the requested materials will be so voluminous that they would pose a significant danger to judicial economy. *See Jones*, 41 F.3d at 243 (quoting *Ingle v. DOJ*, 698 F.2d 259, 267 (6th Cir. 1983)) (discussing factors relevant to whether *in camera* review should be ordered). In the absence of such a review, neither the plaintiffs nor the FBI would be entitled to summary judgment.

The plaintiffs' Motion for Summary Judgment (Doc. No. 20) and the FBI's Cross-Motion for Summary Judgment (Doc. No. 34) are, therefore, **DENIED** without prejudice to renewal following *in camera* review. The plaintiffs' Motion to Open Discovery (Doc. No. 39) is hereby **DENIED** as moot. The FBI is **ORDERED** to produce *ex parte* all documents that are potentially responsive to the defendants' Freedom of Information Act request for *in camera* review, with the

exception that, based on the plaintiffs' concessions in this litigation, the FBI need not produce any documents that could not reasonably be construed to bear on Audrey Hale's motives. The Government shall also file *ex parte* any declarations or affidavits necessary for evaluating the produced documents. All deadlines are hereby **STAYED** pending the completion of the court's review, at which time the court will enter an order requesting, as necessary, renewed motions and supplemental briefing.

    It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge